IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUZ LUGO, YESENIA MARCO, et al. | : | CIVIL ACTION |
| v. | : | |
| FARMER'S PRIDE, INC. | : | NO. 07-cv-00749 |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                                                                       **January 14, 2008**

The case presently before this Court raises questions concerning the coverage of the Fair Labor Standards Act of 1938 (FLSA), as amended by the Portal-to-Portal Act of 1947, with respect to employees' required activities before and after they engage in the productive labor for which they are primarily hired.  Plaintiffs Luz Lugo and Yesenia Marco ("Plaintiffs") filed a Complaint on behalf of themselves and all other similarly situated individuals[1] against their employer, Farmer's Pride, Inc. ("Defendant," "Farmer's Pride").  Defendant brought a Motion to Dismiss the Complaint.   For the following reasons, Defendant's Motion will be denied.

**I.     Background**

   A.     Factual Background

Plaintiffs are former production and support employees of Farmer's Pride, Inc.  Plaintiffs worked as hourly production workers at the Farmer's Pride facility in Fredericksburg, Pennsylvania.  While they were compensated for their work on the production line, Farmer's

---

[1] Plaintiff Luz Lugo has filed at least 35 notices of current and former employees' intent to participate in this civil action.  There is currently a Motion to Certify the Class (Doc. No. 50) before this Court, although briefing has not been completed by the parties on that matter at this time.

Pride did not and does not compensate Plaintiffs for other activities they encountered on the job. Specifically, Plaintiffs state in their Complaint that Farmer's Pride does not pay production line workers for the time it takes to receive, don, doff and sanitize the required personal protective equipment ("PPE") and clothing, the time it takes to sanitize themselves at the beginning and end of their shifts (both prior to lunch and after lunch), time spent walking from their lockers to the production line, time spent sanitizing, discarding the protective equipment and clothing, and time spent walking to their lockers after the production line has stopped. Plaintiffs contend they were also not compensated for time spent sharpening knives required for use in production line activities, waiting in line to sharpen knives, and waiting in line to receive other required tools and supplies for their activity on the production line.

Plaintiffs filed a Complaint before this Court, claiming that Defendant's failure to pay them for these activities is a violation of the Fair Labor Standards Act.

B. Procedural Background

Plaintiffs filed a Complaint (Doc. No. 1) in this Court on February 23, 2007. Defendant filed a Motion to Dismiss (Doc. No. 34). Plaintiffs filed a Response (Doc. No. 37) to Defendant's Motion to Dismiss. Defendant filed a Reply (Doc. No. 38) to Plaintiffs' Response. With permission of the Court, Plaintiffs filed a Sur-Reply (Doc. No. 42) to Defendant's Reply.

II. Contentions of the Parties

Defendant contends that the activities for which Plaintiffs are not compensated are preliminary and postliminary activities and are not compensable as a matter of law. It argues that these activities are preliminary and postliminary and thus are not "work." Defendant further contends that these activities are not "integral and indispensable" to the principal compensable

activities under the FLSA and Portal-to-Portal Act under Steiner v. Mitchell, 350 U.S. 247 (1956), and that these activities are de minimis.

Plaintiffs argue that the activities for which they seek back pay are "integral and indispensable" activities that are compensable under the FLSA and the Portal-to-Portal Act. They contend that federal law requires the wearing of PPE and other sanitation activities they perform, and that any cases upon which Defendant relies are not analogous to the facts of the present case.

### III.   Legal Standard

####    A.   Jurisdiction

This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

####    B.   Standard of Review

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

IV.     Discussion

    A.     The History of FLSA Coverage

Under the FLSA as enacted in 1938, the term "work" is not specifically defined. In the decade that followed, the Supreme Court interpreted this term rather broadly, finding that such tasks as traveling from one working area to another and walking from time clocks near an entrance gate to their workstations were both compensable. See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 691-92 (1946). In Tennessee Coal, the Court described "work" or "employment" as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." 321 U.S. at 598. In Anderson, the Court defined the "statutory workweek" to "include, all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace. 328 U.S. at 690-91.

Due to the breadth of these cases, Congress amended certain provisions of the FLSA in 1947 with the Portal-to-Portal Act, 29 U.S.C. § 254(a), which states, in relevant part:

> [N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938 . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities . . .
>     (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>     (2) activities which are preliminary to or postlimintary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

Thus, the Portal-to-Portal Act relieves employers of the obligation to pay for the time of their employees spent in so-called "portal-to-portal" activities, such as walking, riding or traveling to the actual place of performance of workplace activities.

Almost a decade after the enactment of the Portal-to-Portal Act, the Supreme Court considered the case of battery plant workers who were not compensated for the time spent changing into protective gear or showering (as required) at the end of their shift. In a liberal reading of the Portal-to-Portal Act, the Court concluded that "activities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the FLSA if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded [by the Portal-to-Portal Act]." Steiner v. Mitchell, 350 U.S. 247, 256 (1956). The Court declared that "it would be difficult to conjure up an instance where changing clothes and showering are more clearly an integral and indispensable part of the principal activity of the employment than in the case of these employees." Id.

In defining "Hours Worked," 29 U.S.C. § 203(o) states: "there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee." The Court of Appeals for the Eleventh Circuit relied on this section when finding that the donning and doffing of general protective sanitary clothing by poultry plant employees constituted the changing of clothes. See Anderson v. Cagle's Inc., 488 F.3d 945, 955-56 (11th Cir. 2007). The present case differs from Anderson and its progeny, however, because those

poultry workers were part of a collective bargaining agreement. The plaintiffs in the current case are non-union and do not work pursuant to a collective bargaining agreement; thus, Section 203(o) does not apply.

There is minimal relevant case law in this jurisdiction and significant disagreement among the jurisdictions that have considered these issues. In IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), the Supreme Court addressed part of this conflict. The two questions addressed by the Supreme Court were whether the time employees spend walking between the changing area and the production area is compensable under the FLSA, and whether the time employees spend waiting to put on the protective gear is compensable under the FLSA. Id. at 24. On the former question, there had been a split in opinion between the Courts of Appeals for the First and Ninth Circuits. Id.

In a discussion of the Portal-to-Portal Act in Alvarez, the Court states: "[o]ther than its express exceptions for travel to and from the location of the employee's 'principal activity,' and for activities that are preliminary or postliminary to that principal activity, the Portal-to-Portal Act does not purport to change this Court's earlier descriptions of the terms 'work' and 'workweek,' or to define the term 'workday.'" 546 U.S. at 28. The Court noted that after the Portal-to-Portal Act was enacted, and consistent with the Court's prior interpretations of the FLSA, the Department of Labor adopted the continuous workday rule, which means "that the 'workday' is generally defined as 'the period between the commencement and completion on the same workday of an employee's principal activity or activities.'" Id. at 29, citing 29 C.F.R. § 790.6(b).

Thus, in evaluating whether workday activities are excluded from FLSA coverage by the

Portal-to-Portal Act, it must be determined whether an activity is "integral and indispensable" to the principal activity and part of the continuous workday. The Supreme Court stated that "[b]ecause doffing gear that is 'integral and indispensable' to employees' work is a 'principal activity' under the statute, the continuous workday rule mandates that time spent waiting to doff is not affected by the Portal-to-Portal Act and is instead covered by the FLSA." 546 U.S. at 40. In considering the question of whether the time employees spend waiting to don the integral and indispensable gear is compensable under the FLSA, however, the Court made the following distinction: "unlike the donning of certain types of protective gear, which is <u>always</u> essential if the worker is to do his job, the waiting may or may not be necessary in particular situations or for every employee. It is certainly not 'integral and indispensable' in the same sense that the donning is." <u>Id.</u> Thus, the Supreme Court concluded that time spent walking from the locker room to the production area after donning special safety gear in the locker rooms was not excluded from the FLSA, and that time spent waiting to doff protective clothes was not excluded from the FLSA. The time spent waiting to don protective gear at the start of the work day, however, was excluded from FLSA coverage.

  The issue of donning and doffing was not addressed by the Supreme Court in <u>Alvarez</u>. At the trial level, the District Court for the Eastern District of Washington held after a bench trial that the donning and doffing of protective gear was compensable. The Court of Appeals endorsed the distinction between the burdensome donning and doffing of elaborate gear as compensable, as opposed to the time spent donning and doffing nonunique gear (such as hardhats

and safety goggles) as noncompensable under the FLSA.[2]  The Supreme Court did not review the issue of donning and doffing, however, as the defendant did not challenge the holding below that donning and doffing of unique protective gear were "principal activities" under the Portal-to-Portal Act and thus compensable under the FLSA.  Alvarez, 546 U.S. at 32.

### B. Donning and Doffing Post-*Alvarez*

While it did not directly address the issue of donning and doffing in Alvarez, the Supreme Court does reference the issue in its discussion of the waiting time. In discussing the distinction between pre-donning waiting time and pre-doffing waiting time, the Court reasons: "[b]ecause doffing gear that is 'integral and indispensable' to employees' work is a 'principal activity' under the statute, the continuous workday rule mandates that time spent waiting to doff is not affected by the Portal-to-Portal Act and is instead covered by the FLSA."  In discussing pre-donning waiting time, however, the Court reasons that this time "is certainly not 'integral and indispensable' in the same sense that the donning is.'" Id. at 40.

In the three years since Alvarez, courts have disagreed as to whether donning and doffing is covered under the FLSA.  In Alvarez, the Court of Appeals for the Ninth Circuit stated that "donning and doffing of all protective gear is integral and indispensable to 'the principal activities for which [the plaintiffs] are employed,' and generally compensable.  However, the specific tasks of donning and doffing of non-unique protective gear such as hardhats and safety goggles is noncompensable as de minimis." 339 F.3d 894, 904 (9th Cir. 2003), citing Steiner, 350 U.S. at 256; Lindow, 738 F.2d 1057, 1061 (9th Cir. 1984).  In reliance upon Alvarez, a

---

[2] The time employees spent donning and doffing non-unique protective gear was found by the Court of Appeals to be "de minimis as a matter of law."  339 F.3d 894, 904 (9th Cir. 2003).

district court in Kansas denied defendant's motion for partial summary judgment, holding that time spent donning and doffing standard protective clothing and gear by employees at a beef processing facility were not excluded from FLSA coverage by the Portal-to-Portal Act. Garcia v. Tyson Foods, Inc., 474 F.Supp.2d 1240 (D.Kan. 2007).

Other courts, however, have disagreed. In a case brought by nuclear power station employees seeking compensation for donning and doffing helmets, safety-glasses and steel-toed boots, a district court in the Southern District of New York granted the employer's motion to dismiss. Gorman v. Entergy Nuclear Operations, Inc., 2006 WL 4774619 (S.D.N.Y. Apr. 14, 2006). The Court of Appeals for the Second Circuit affirmed the district court's finding that the donning and doffing of such items were not integral to the employees' principal work activities. Gorman v. Consolidated Edison Corp., 488 F.3d 586, 594-95 (2d Cir. 2007).

The most relevant recent case in the Third Circuit is De Asencio v. Tyson Foods, Inc., 500 F.3d 361 (3d Cir. 2007). In that case, current and former employees at a chicken-processing plant brought suit against Tyson Foods under the FLSA and the Pennsylvania Wage Payment and Collection Law seeking compensation for time spent donning and doffing work gear. Tyson Foods moved for summary judgment, arguing that the acts of donning and doffing were not "work" as defined by the FLSA, were not compensable under the Portal-to-Portal Act, and that even if they were classified as "work," they were de minimis and should not be compensated. Id. at 364. The district court denied summary judgment on all three grounds. De Asencio v. Tyson Foods, Inc., 2002 WL 31008146 (Not Reported) (E.D.Pa. 2002). On appeal, the Court of Appeals for the Third Circuit summarized:

In denying summary judgment on each of these bases, the District Court concluded that it

would be "hasty" to rule on the mixed law/fact question of whether the activity was compensable "work" without further development of the record. It observed that there was "minimal relevant case law in our jurisdiction" and "there is significant disagreement among the jurisdictions who have considered these issues." The Court believed "such a decision would be a mistake and a disservice to the body of law on which we depend" and concluded that, in view of the "many disputed factual issues intertwined with the legal issues" on these three points, "summary judgment is not appropriate and would be premature at this time." De Asencio, 500 F.3d at 364-65. [internal citations omitted].

As a result, the issues of whether such activities constituted "work" and whether the time incurred on such activities is de minimis went to a jury trial.[3]

In its lengthy discussion of Alvarez, while it acknowledges that the Supreme Court did not address the issue of donning and doffing directly, the Court of Appeals for the Third Circuit reasons that "the [Supreme Court] could not have concluded that walking and waiting time are compensable under the Portal-to-Portal Act if they were not work themselves." Id. at 371. The Court later concludes that "[i]n light of the foregoing analysis, the undisputed facts established that the donning and doffing activity in this case constitutes 'work' as a matter of law." Id. at 373.

C.     The Present Case

In the case at hand, defendant Farmer's Pride cites to many pre-Alvarez cases, as well as the Second Circuit's recent decision in Gorman, for the finding that donning and doffing of PPE are not compensable as a matter of law as they do not qualify as "work," and even if they did, Plaintiffs' complaint must be dismissed because these activities are de minimis.

These arguments must fail. As in De Ascenio, it would be "hasty" to rule on these

---

[3] The jury ultimately found for the employer. The Court of Appeals for the Third Circuit reversed and remanded, however, on the basis that the jury was erroneously instructed on the definition of "work."

questions of mixed law and facts without a further development of the record.  In considering both the Supreme Court's decision in <u>Alvarez</u> and the Third Circuit's recent discussion of that case in <u>De Ascenio</u>, as well as the disagreement among the jurisdictions, it is far from clear that no relief would be granted.  If the facts proved that the time associated with donning and doffing the PPE in this case constituted "work" as outlined by the Supreme Court in <u>Alvarez</u>, and if that time was found not to be <u>de minimis</u>, Plaintiffs would be entitled to compensation.  As such, Defendant's Motion to Dismiss will be denied.

   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUZ LUGO, YESENIA MARCO, et al. | : | CIVIL ACTION |
| v. | : | |
| FARMER'S PRIDE, INC. | : | NO. 07-cv-00749 |

**ORDER**

AND NOW, this 14th day of January, 2008, for the reasons stated in the foregoing memorandum, it is hereby ORDERED that the Motion of Defendant Farmers Pride, Inc. to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 34) is hereby DENIED.

BY THE COURT:

/s/ Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07\07-0749 Lugo v. Farmer's Pride\1-14-08 Motion to Dismiss.wpd