**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUZ LUGO, YESENIA MARCO, et al.** | : | |
| *Plaintiffs* | : | **CIVIL ACTION NO. 07-CV-00749** |
| | : | |
| v. | : | |
| **FARMERS PRIDE, INC.** | : | **Honorable Michael M. Baylson** |
| *Defendant* | : | |
| | : | |
| | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FARMERS PRIDE INC.
TO PLAINTIFFS' REPRESENTATIVE ACTION COMPLAINT**

Defendant Farmers Pride, Inc. ("Defendant" or "Farmers Pride"), by and through its

undersigned counsel, hereby files its Answer and Affirmative Defenses to the numbered

paragraphs of the Representative Action Complaint of Plaintiffs Luz Lugo, Yesenia Marco,

Carmen Torrez, Jessica Rosario, Vicente Rosario Martinez, Valentina Rodriguez, Wilma Cruz

De Leon, Carmen Custodio, Juan Maldonado, Adelaida Naranjo, Giovani Caddle, Sussy

Cisneros, Carmen Rivera, Wilfredo Blanco, Alcibiades Castillo, Amado Dipiton, Lazaro

Cabello, Elsy Melgar, DeMaris Perez, Lydia Perez, Gregorio Mota, Otacilio Vicente, Faridi

Gomez Vargas, Jose Polanco, Elvira Gomez, Juan Maldanado, Milagros De La Cruz, Pedro Cruz

DeLeon, Cesar Serrano Alvarez, Luz Villa, Johnny Torres, Diana Cedeno, Edgardo Collaz,

Seferina Caba, Lusitania Batista, Raymond Garcia, Elliot Hernandez, Hassan Hargett,

("Plaintiffs") and avers as follows:

**INTRODUCTION**

1.      Admitted in part and denied in part.  Defendant admits that Plaintiffs purport to

bring an action and purport to seek damages on behalf of themselves and all other similarly

situated current and former production and support employees of Defendant at its

Fredericksburg, Pennsylvania facility for claims pursuant to the federal Fail Labor Standards Act

(FLSA).  Defendant denies that the action should proceed as a representative action and denies

that the Plaintiffs are similarly situated.  Defendant further denies that it failed to pay wages as

alleged or otherwise violated the FLSA in any way, and denies that Plaintiffs are entitled to the

damages that they seek.

2.      Admitted in part and denied in part.  Defendant admits that the named Plaintiffs

are or were employees at its poultry processing plant in Fredericksburg, Lebanon County,

Pennsylvania.  Defendant denies that it failed to pay Plaintiffs their minimum hourly rate of pay

for all hours worked or overtime under Pennsylvania or Federal law.

3.      Denied.

## JURISDICTION AND VENUE

4.      The allegations in this paragraph regarding jurisdiction constitute conclusions of

law to which no responsive pleading is required.

5.      The allegations in this paragraph regarding proper venue and "regularly conducts

business" constitute conclusions of law to which no responsive pleading is required.

## PARTIES

6.      Admitted in part and denied in part.  Farmers Pride admits that it formerly

employed Plaintiff Luz Lugo in the deboning department at its Fredericksburg, PA facility.

Defendant denies that Plaintiff Lugo was employed in the deboning department at all times that

she was employed by Farmers Pride, and denies that Plaintiff Lugo was employed during the

relevant period.  To the contrary, Plaintiff Lugo's last date of employment with Farmers Pride is on or about September 28, 2004, more than two years' prior to the filing of the instant lawsuit. Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff Lugo currently resides and, therefore, Defendant denies the allegation in the second sentence of paragraph 6.

      7.      Admitted in part and denied in part.  Farmers Pride admits that it formerly employed Plaintiff Yesenia Marco in the deboning department at its Fredericksburg, PA facility. Defendant denies that Plaintiff Marco was employed as a production worker in the deboning department at all times that she was employed by Farmers Pride.  To the contrary, in or about October 2005, Plaintiff Marco was promoted to the position of lead or assistant supervisor. Based upon information and belief, Defendant admits that Plaintiff Marco presently resides in Allentown, PA.

      8.      Admitted in part and denied in part.  Farmers Pride admits that Plaintiffs purport to bring this action on behalf of themselves and all other similarly situated current and former production and support employees at Farmers Pride's chicken processing facility located in Fredericksburg, Lebanon County, Pennsylvania.  Farmers Pride denies that the action should proceed as a representative/class action and denies that the Plaintiffs are similarly situated or sufficiently representative to be class members.

      9.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Carmen Torrez and therefore Defendant denies this allegation.

10.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Jessica Rosario and therefore Defendant denies this allegation.

11.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Vincent Rosario Martinez and therefore Defendant denies this allegation.

12.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Valentina Rodrigues and therefore Defendant denies this allegation.

13.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Wilma Cruz De Leon and therefore Defendant denies this allegation.

14.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Carmen Custodio and therefore Defendant denies this allegation.

15.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Juan Maldonado and therefore Defendant denies this allegation.

16.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Adelaida Naranjo and therefore Defendant denies this allegation.

17.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Giovani Caddle and therefore Defendant denies this allegation.

18.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Sussy Cisneros and therefore Defendant denies this allegation.

19.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Carmen Rivera and therefore Defendant denies this allegation.

20.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Wilfredo Blanco and therefore Defendant denies this allegation.

21.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Alcibiades Castillo and therefore Defendant denies this allegation.

22.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Amado Dipiton and therefore Defendant denies this allegation.

23.    Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Lazaro Cabello and therefore Defendant denies this allegation.

24.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Elsy Melgar and therefore Defendant denies this allegation.

25.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff DeMaris Perez and therefore Defendant denies this allegation.

26.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Lydia Perez and therefore Defendant denies this allegation.

27.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Gregorio Mota and therefore Defendant denies this allegation.

28.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Otacilio Vicente and therefore Defendant denies this allegation.

29.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Faridi Gomez and therefore Defendant denies this allegation.

30.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Jose Polanco and therefore Defendant denies this allegation.

31.      Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Elvira Gomez and therefore Defendant denies this allegation.

32.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Juan Maldonado and therefore Defendant denies this allegation.

33.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Milagros De La Cruz and therefore Defendant denies this allegation.

34.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Pedro Cruz De Leon and therefore Defendant denies this allegation.

35.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Cesar Serrano Alvarez and therefore Defendant denies this allegation.

36.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Luz Villa and therefore Defendant denies this allegation.

37.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Johnny Torres and therefore Defendant denies this allegation.

38.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Diana Cedeno and therefore Defendant denies this allegation.

39.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Edgardo Collaz[o] and therefore Defendant denies this allegation.

40.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Seferina Caba and therefore Defendant denies this allegation.

41.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Lusitania Batista and therefore Defendant denies this allegation.

42.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Raymond Garcia and therefore Defendant denies this allegation.

43.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Elliot Hernandez and therefore Defendant denies this allegation.

44.     Farmers Pride is without knowledge or information sufficient to form a belief as to the present residence of Plaintiff Hassan Hargett and therefore Defendant denies this allegation.

45.     Admitted in part and denied in part.  Farmers Pride admits that it is a Pennsylvania corporation and that it operates a poultry processing facility located in Fredericksburg, Lebanon County, Pennsylvania.  The remaining allegations in paragraph 45 constitute legal conclusions to which no responsive pleading is required.  To the extent that a

response is required, Farmers Pride admits that it utilizes a two-step distribution process,

whereby Farmers Pride sells and delivers its product to brokers who are in the Eastern District of

Pennsylvania.

## CLASS ACTION ALLEGATIONS

46.     Denied as stated, admitted as modified.  Farmers Pride admits that it employed

the named Plaintiffs in Pennsylvania, and that they purport to bring this case as a

representative/collective action pursuant to the Fair Labor Standards Act.  Farmers Pride denies

that it violated the FLSA, denies that the matter is appropriate for class/collective treatment,

denies that all of the named Plaintiffs are sufficiently similar, and denies that the named

Plaintiffs were all employed during the applicable period of limitations prior to commencement

of the suit.  Farmers Pride specifically denies the implication that the matter should proceed as a

class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47.     Denied.  By way of further response, assuming arguendo that the matter is

appropriate for representative/class treatment, Farmers Pride and the named Plaintiffs are unable

to ascertain the number of class members at this time because under the FLSA, the number of

class members is not determined until the opt-in period is closed.  Farmers Pride specifically

denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

48.     Denied.  Farmers Pride specifically denies the implication that the matter should

proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49.     Denied.  Farmers Pride specifically denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50.     Denied.  Farmers Pride specifically denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51.     Denied.  By way of further response, Farmers Pride denies that common questions of law and fact predominate over questions affecting individual class members.  Farmers Pride specifically denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52.     Denied.

53.     Denied.  Farmers Pride specifically denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54.     Denied.  Farmers Pride specifically denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55.     Denied.  Farmers Pride specifically denies the implication that the matter should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.     Denied as stated, admitted as modified.  Farmers Pride admits that it conducted time studies.  Farmers Pride denies that it concluded from the time studies that its employees were sufficiently similarly situated that it could justify paying hourly employees as a class a set rate of minutes for the time as alleged.  To the contrary, the time studies varied by department and individual.

**PRELIMINARY ALLEGATIONS**

57.     Admitted in part and denied in part.  Farmers Pride admits that it owns and
operates a poultry processing facility located in Fredericksburg, Lebanon County, Pennsylvania,
and admits that the named Plaintiffs are or were employees at this facility.  Farmers Pride denies
the remaining allegations in this paragraph, and specifically denies that it engaged in a system of
unlawful compensation.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied as stated, admitted as modified.  Farmers Pride admits that it conducted time studies.  Farmers Pride denies the remaining allegations of this paragraph.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

78.     Farmers Pride incorporates its responses to Paragraphs 1 through 77 as if fully incorporated herein.

79.     The allegations in paragraph 79 constitute conclusions of law to which no responsive pleading is required.

80.     Denied.

81.     The allegations in paragraph 81 constitute conclusions of law to which no responsive pleading is required.

82.     The allegations in paragraph 82 constitute conclusions of law to which no responsive pleading is required.

83.     Admitted.

84.     Denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' claims are barred for failure to state a claim that would entitle them to relief.

2.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendant.

3.  Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, offset, and/or setoff.

5.  Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to pursue such claims.

6.  Defendant's failure to pay Plaintiffs overtime and any other wages as alleged in the Representative Action Complaint was in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour division of the United States Department of Labor.

7. Plaintiffs have failed to state a claim for liquidated damages.

8. If and only if Defendant's failure to pay overtime and other wages as alleged in the Representative Action Complaint is unlawful, although such is not admitted, none of Defendant's actions or omissions constituted a willful violation of the FLSA.

Defendant reserves the right to add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE**, Defendant respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

**BARLEY SNYDER, LLC**

Dated  February 11, 2008          By:  _/s/ Jill S. Welch 2962_____
                                   George C. Werner, Esq. (PA ID # 28757)
                                   Jill Sebest Welch, Esq. (PA ID # 86232)
                                   126 East King Street
                                   Lancaster, PA  17602
                                   (717) 299-5201
                                   Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Answer and Affirmative Defenses of Defendant* was served this 11th day of February, 2008, via electronic service on:

| |
|---|
| PHILIP A. DOWNEY, ESQ.<br>P.O. BOX 736<br>UNIONVILLE, PA 19376<br>downeyjustice@gmail.com |
| BRIAN P. MCCAFFERTY<br>KENNEY LENNON & EGAN PC<br>3031C WALTON ROAD<br>SUITE 202<br>PLYMOUTH MEETING, PA 19462<br>cafstar@aol.com |

BARLEY SNYDER LLC

By:   /s/   *Jill S. Welch 2962*
        George C. Werner, Esq. (PA ID # 28757)
        Jill Sebest Welch, Esq. (PA ID # 86232)
        126 East King Street
        Lancaster, PA  17602
        (717) 299-5201

*The foregoing document has been filed electronically and is available for viewing and downloading from the United States Eastern District of Pennsylvania Electronic Case Filing system.*