**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LUZ LUGO, et al.                                      :          CIVIL ACTION

                          v.                          :

FARMER'S PRIDE INC.                                   :          NO. 07-cv-00749

<u>**MEMORANDUM RE: PLAINTIFF'S MOTION
FOR CONDITIONAL CERTIFICATION**</u>

**Baylson, J.**                                                    **March 7, 2008**

Presently before this Court is Plaintiff's Motion for Class Certification, or alternatively
for Conditional Class Certification.  Upon careful review of the parties' briefings and the relevant
case law, the Court will conditionally certify the group and allow the parties fourteen (14) days to
submit a proposed order, including a notice and discovery schedule.

**I.      Background**

       A.      <u>Factual Background</u>

According to the Complaint and Plaintiff's Motion, Plaintiffs are former and current
production and support employees of Farmer's Pride, Inc (hereinafter, "Defendant," "Farmer's
Pride"), who worked as hourly production workers at the Farmer's Pride facility in
Fredericksburg, Pennsylvania.  While they were compensated for their work on the production
line, Farmer's Pride allegedly did not and does not compensate Plaintiffs for other activities they
encountered on the job.  Specifically, Plaintiffs state in their Complaint that Farmer's Pride does
not pay production line workers for the time it takes to receive, don, doff and sanitize the
required personal protective equipment ("PPE") and clothing, the time it takes to sanitize
themselves at the beginning and end of their shifts (both prior to lunch and after lunch), time
spent walking from their lockers to the production line, time spent sanitizing, discarding the

protective equipment and clothing, and time spent walking to their lockers after the production line has stopped.  Plaintiffs contend they were also not compensated for time spent sharpening knives required for use in production line activities, waiting in line to sharpen knives, and waiting in line to receive other required tools and supplies for their activity on the production line.

Defendants dispute these allegations.

Plaintiffs filed a Representative Action Complaint before this Court, claiming that Defendant's failure to pay them for these activities is a violation of the Fair Labor Standards Act ("FLSA").  Plaintiffs now seek conditional certification for themselves and other similarly situated current and former production line workers at Defendant's Fredericksburg, Pennsylvania plant.

B.      Procedural History

Plaintiffs Luz Lugo and Yesenia Marco filed a Complaint on February 23, 2007.  (Doc. No. 1).  Defendant filed a Motion to Dismiss (Doc. No. 34), which the Court denied. (Doc. No. 54).  Plaintiffs filed the present Motion to Certify the Class. (Doc. No. 50).  Plaintiffs filed an amended Representative Action Complaint, naming 37 Plaintiffs on behalf of themselves and others similarly situated (Doc. No. 55).  Defendant filed an Answer to Plaintiff's Representative Action Complaint. (Doc. No. 60).

On January 23, 2008, the Court held an unrecorded telephone conference call with the parties to discuss discovery.  After being advised that all parties wished to have certain limited discovery on the class action issue, the Court allowed Defendant to depose one (1) of the original Plaintiffs and allowed Plaintiffs to depose one (1) of Defendant's authorized representatives.  As

instructed by the Court, Plaintiff filed a Memorandum of Law addressing the issue of what discovery was needed, if any, to adjudicate Plaintiffs' Motion for conditional class certification. (Doc. 57).  Defendant filed a Response to Plaintiff's Motion concerning discovery.  (Doc. 59).

## II.      Contentions of the Parties

In their Motion for Class Certification, Plaintiffs request that the Court (1) grant conditional certification of the Plaintiff class; (2) authorize Plaintiffs' attorneys to provide notice to potential class members concerning the case and their right to participate by "opting in" as plaintiffs; and (3) compel Defendant to provide Plaintiffs' attorney with the names and last known addresses of all potential plaintiff class members to facilitate providing such notice. Plaintiffs allege that the unlawful conduct at issue is the same or similar in nature as to all members of the class (both named Plaintiffs and opt-ins).  Plaintiffs assert the Court should use the two-step analysis used in <u>Ruehl v. Viacom Inc</u>., 500 F.3d 375 (3d Cir. 2007), as opposed to the Rule 23 class action test.[1]

Plaintiffs take the position that no discovery is needed at the present time during the initial "notice stage" of the FLSA certification process.  Plaintiffs believe that they have met the burden of making "substantial allegations" that they were collectively "the victims of a single decision, policy or plan" and are thus "similarly situated."

Defendant contends that Plaintiffs' pleadings and declarations do not meet the minimum threshold of establishing that they are sufficiently "similarly situated" to proceed in a representative capacity.  In particular, Plaintiffs' pleadings are insufficient because they ignore

---

[1] Plaintiffs do allege, however, that the case meets the class certification requirements under either standard.

Defendant's calculation and payment of employees for precisely the time that Plaintiffs contend they were not paid.  As such, the Court should first allow limited merits discovery and take evidence on Defendant's lawful pay procedures prior to a decision on conditional certification and class-wide notice.   Defendant contends there is no illegal policy or practice at issue here.  Plaintiffs work in different departments, put on different equipment, and thus individualized inquiry is more appropriate.  Defendant argues that the majority of the issues on which Plaintiffs rely to establish that they are similarly situated either are not compensable activities under the FLSA or do not apply to Farmer's Pride production employees in this case.  Finally, Defendant argues that Plaintiffs have failed to establish that conditional certification would promote judicial efficiency, and that preliminary merits discovery could avoid unnecessary costs.

**III.    Jurisdiction**

This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**IV.    Discussion**

This court has the power to authorize notice in collective actions in order to set time limits for various pre-trial steps and to avoid a multiplicity of duplicative suits.  Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 171-73 (1989).[2]  Class actions and collective actions can often be confused with one another.  In Ruehl v. Viacom Inc., 500 F.3d 375, 379, n. 3 (3d Cir. 2007), the Court of Appeals for the Third Circuit noted: "Most courts, ours included, have not been methodical in their use of the terms 'class action' and 'collective action.'  The result is that

_____

[2] Hoffman-La Roche involved the Age Discrimination in Employment Act, which incorporates the collective action provisions of the FLSA.

numerous cases about FLSA 'collective actions' use the Rule 23 term 'class action.'"  The Court acknowledged that Third Circuit decisions use the terms interchangeably, and refers to members of a "collective action" as part of a "class."  Id.

To be included in a collective action, plaintiffs must be "similarly situated" and give written consent.  The FLSA does not define the term "similarly situated."  Courts have developed a two-step process for implementing notice and determining who is "similarly situated."  Harris v. Healthcare Services Group, Inc., 2007 WL 2221411, *2 (E.D.Pa. July 31, 2007).  The first step is conducted early in the litigation process, when the court has minimal evidence and consists of a preliminary inquiry into whether the plaintiff's proposed class consists of similarly situated employees who were collectively "the victims of a single decision, policy, or plan . . . ."  Ruehl, 500 F.3d at 388.  If the plaintiff meets this lenient standard, the court grants only conditional certification for the purpose of notice and discovery.  Id., citing Bosley v. Chubb Corp., 2005 U.S. Dist. LEXIS 10974, at *5 (E.D. Pa. June 6, 2005); see also Ruehl, 500 F.3d at 388 (labeling the standard for conditional certification at the "notice stage" as "comparatively liberal").

The second step of this process is usually conducted after merits discovery has occurred, and consists of a specific factual analysis of each employee's claim to ensure that each proposed plaintiff is an appropriate member of the collective action.  At this second stage, the court will again make a certification decision based on the "similarly situated" standard, but will require a higher level of proof than was necessary at the first stage for conditional certification.  If the conditional group of plaintiffs does not meet this standard at the second stage, the group is then decertified, the opt-in plaintiffs are dismissed without prejudice and any remaining plaintiffs are permitted to move onto the trial stage of litigation.  Id.; see also Ruehl at 389, n. 17; Chabrier v.

-5-

Wilmington Finance, Inc., 2006 WL 3742774, *2 (E.D.Pa. Dec. 13, 2006).

Courts have differed on the level of proof that is necessary in the first step of the inquiry. District courts in the Third Circuit have applied the "mere allegation" approach or the "modest factual showing" test to determine whether a plaintiff is entitled to preliminary certification and court-supervised notice. This is a lenient burden for the plaintiffs, where the court need not evaluate the merits of plaintiffs' claims in order for notice to be approved and disseminated to potential collective action plaintiffs. Harris, 2007 WL 2221411, at *3; Chabrier, 2006 WL 3742774, at *6.

Thus, Plaintiffs in the present case have a very lenient burden to bear at this initial stage of certification. While Defendant relies heavily on the argument that its business practices are lawful, the legality is not decided at this stage of the action. The Court does not evaluate the merits of the claim at this stage, but only considers whether Plaintiffs have shown they are similarly situated. From the affidavits and filings, Plaintiffs have met their burden and the Court shall grant Plaintiff's Motion for conditional certification. If, after future discovery, the Court finds that some Plaintiffs are not similarly situated under the FLSA, the Court will revoke conditional certification with respect to those Plaintiffs.[3]

Counsel shall discuss amongst themselves a formal schedule for notice and discovery, such as the one provided in the Order by Judge Shapiro in Chabrier. The parties will have fourteen (14) days to file either a joint proposed notice and discovery schedule, or if there is any disagreement, the parties shall file separate orders with the Court.

---

[3] This approach is in some respects more even-handed than the frequent practice under Rule 23, where certification of a class puts tremendous economic pressures on the defendant. Although a Rule 23 class can be de-certified, it is not a frequent occurrence.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUZ LUGO, et al. | : | CIVIL ACTION |
| v. | : | |
| FARMER'S PRIDE, INC. | : | NO. 07-cv-00749 |

**<u>ORDER</u>**

AND NOW, this 7th day of March, 2008, for the reasons stated in the foregoing memorandum, it is hereby ORDERED that the Motion of Plaintiff Luz Lugo, et. al., for Conditional Class Certification (Doc. No. 50) is GRANTED.  The parties should discuss a notice and discovery schedule, and within fourteen (14) days file a joint proposed order or two separate proposed orders with the Court.

BY THE COURT:

/s/ Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-0749 Lugo v. Farmer's Pride\Lugo v. Farmer's Pride Motion for Conditional Certification.wpd