**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUZ LUGO, YESENIA MARCO, et al.** | : | **CIVIL ACTION NO. 07-CV-00749** |
| ***Plaintiffs*** | : | |
| **v.** | : | |
| **FARMERS PRIDE, INC.** | : | **Honorable Michael M. Baylson** |
| ***Defendant*** | : | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO ANSWER INTERROGATORY RESPONSES, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS FOR FAILURE TO RESPOND TO DISCOVERY**

Defendant, Farmers Pride, Inc., respectfully files this Notice of Supplemental Authority in Support of its Motion to Compel Plaintiffs to Answer Interrogatory Responses, or In the Alternative, To Dismiss Plaintiffs for Failure to Respond to Discovery (Dkt. # 425).

In Defendant's initial Memorandum in Support of this Motion (Dkt. # 426), Defendant argued, among other things, that Plaintiffs were personally responsible for their failure to respond to Defendant's interrogatories because "Plaintiffs have an obligation to participate in the discovery process, which inherently includes an obligation to keep their counsel apprised of their whereabouts." Id. at 3. Defendant believed that such a proposition was so obvious and uncontested that case support was unnecessary and, thus, did not cite to case law. To Defendant's surprise, in their Brief in Opposition (Dkt. # 429), Plaintiff's challenged this argument, claiming that "Farmers Pride assumes that each of the Plaintiffs is personally responsible" and that "Defendant cites no law in support of its argument that there is an

'inherent' obligation on the part of the Plaintiffs to keep counsel apprised of their whereabouts." (Id. at 8) So that there is no confusion over the issue, Defendant offers the Court the following authority, which not only shows that a plaintiff has an obligation to keep his counsel apprised of his whereabouts, it also demonstrates that dismissal with prejudice is the appropriate (indeed, the only) sanction for such conduct.

In Jimenez v. Rosenbaum-Cunningham, Inc., No. 07-1066, 2009 WL 255630 (E.D. Pa. Jan. 30, 2009) (Surrick, J.), plaintiffs pursued a mass action under the Fair Labor Standards Act, claiming that the defendant failed to properly compensate them for overtime. Id. at *1. The defendant served discovery requests on the 24 plaintiffs, all of whom were represented by counsel. Id. Initially, only 7 of the plaintiffs responded, and Plaintiffs' counsel explained that it needed more time because it was having difficulty contacting the rest of the plaintiffs, many of whom were Hispanic. Id. Defendant agreed to give plaintiffs additional time to locate the other plaintiffs and serve responses. Id. Ultimately, after six months, six of the twenty-four plaintiffs had still not responded to defendant's discovery, and plaintiffs' counsel told defendant that they "do not expect to reach these individuals before the close of discovery" because they could not locate the plaintiffs. Id. Much like Plaintiffs' counsel in this case, Plaintiffs' counsel in Jimenez claimed to have taken numerous steps to reach the missing Plaintiffs -- such as calling their last known phone numbers multiple times, calling relatives, and sending a total of 14 letters to their last known addresses -- to no avail.

In response, the defendant filed a motion for sanctions under Rule 37 and argued that the non-responding plaintiffs should be dismissed with prejudice for failure to participate in the case. Judge Surrick applied the six factors from Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), and agreed that dismissal with prejudice was necessary. In regards to the

first factor-- the extent of the non-responding party's personal responsibility --, the Court specifically held that "the non-responding Plaintiffs have a responsibility to provide proper contact information to their attorneys so that the attorneys can communicate with them and so that delays in proceeding with this lawsuit can be avoided." Jimenez, 2009 WL 2555630 at *4; see also *4 n. 2 ("While [the non-responding plaintiffs are not pro se, this fact does not obviate their obligation to keep their counsel informed of their whereabouts."). The Court went on to note that:

> Over six months have passed since Defendant D & B served Ramirez Perez and the non-responding Plaintiffs with discovery requests. If Ramirez Perez and the non-responding Plaintiffs had an interest in pursuing this action, we believe that six months is more than a reasonable amount of time for them to have contacted their counsel about their case. Plaintiffs' counsel have offered sworn affidavits detailing the extensive efforts that they made to obtain the discovery responses from Ramirez Perez and the non-responding Plaintiffs. Ramirez Perez and the non-responding Plaintiffs did not respond to Plaintiffs' counsels' telephone calls or letters, even though counsel included pre-paid telephone cards for the Mexico-based Plaintiffs to use. Only two letters were returned to Plaintiffs' counsel as undeliverable. The failure of Ramirez Perez and the non-responding Plaintiffs to respond to the discovery requests, keep their counsel informed of their whereabouts, and comply with the Court's Order evidences willful conduct. . . . The obligation of Ramirez Perez and the non-responding Plaintiffs to maintain contact with their counsel and with the Court is an **obvious minimal requirement for pursuing a lawsuit**, and their conduct makes adjudication of the case impossible. Defendant D & B correctly observes that these Plaintiffs' knowingly instituted an action in this Court and now are not present to prosecute it. Accordingly, the personal responsibility of Ramirez Perez and the non-responding Plaintiffs weighs in favor of dismissal with prejudice.

Id. at *4 (emphasis added) (internal citations omitted).

In regards the second Poulis factor -- the prejudice to the adversary --, Plaintiffs argued that, at most, the Court should dismiss the plaintiffs without prejudice so that the plaintiffs could pursue their claims at a later date in the event they are located. The Court disagreed, holding that

that "[i]t would be unfair to Defendant D & B for this litigation to continue indefinitely. Moreover, Defendant D & B has a right to prepare its defense through legitimate discovery and an interest in achieving a timely resolution of this matter, neither of which is served by Plaintiffs' inaction." Id. at *5. The Court concluded that the prejudice factor weighed in favor of dismissal with prejudice.

In regards to the willfulness factor, the Court stated that it could infer willfulness from Plaintiffs' failure to respond to discovery and failure to keep their counsel apprised of their whereabouts. According to the Court, "either [Plaintiffs] moved without notifying their attorneys, or they disregarded the[ir attorneys'] letters. We can infer willfulness from the failure of Ramirez Perez and the non-responding Plaintiffs to keep their counsel and the Court apprised of their whereabouts and contact information." Id. at *5. Thus, the Court concluded that the willfulness factor also weighed in favor of dismissal with prejudice.

Finally, in regards to the "effectiveness of sanctions other than dismissal" factor, the Court flatly stated that "[s]anctions other than dismissal would not be appropriate" because the non-responding parties "have demonstrated a complete lack of interest in prosecuting this action." Id. at *6. After applying the remainder of the Poulis factors, the Court concluded that dismissal under Rule 41(b) with prejudice was warranted. Id. at *6.

In conclusion, the facts of the Jimenez decision are virtually identical to the facts presented by Defendant's current Motion. For the reasons set forth in Jimenez, and in Defendant's Memorandum in Support of its Motion, Defendant respectfully requests that the Court dismiss the non-responding named Plaintiffs with prejudice for failure to respond to discovery and failure to keep their counsel apprised of their whereabouts.

Respectfully submitted this 24th day of September, 2009.

**FARMERS PRIDE, INC.**

_/s/ Ryan A. Glasgow_________________

George C. Werner (Pa. I.D. No. 28757)
Jill S. Welch (Pa. I.D. No 86232)
BARLEY SNYDER LLC
126 East King Street
Lancaster, PA 17602-2893
Phone: (717) 299-5201
Facsimile: (717) 291-4660
*gwerner@barley.com*
*jwelch@barley.com*

Michael J. Mueller* (D.C. Bar # 412025)
Araj F. Ahmed* (D.C. Bar # 977574)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
Phone: (202) 955-1500
Facsimile: (202) 778-2201
*mmueller@hunton.com*
*aahmed@hunton.com*

Gregory B. Robertson* (Va. Bar # 15681)
Ryan A. Glasgow* (Va. Bar # 71023)
HUNTON & WILLIAMS LLP
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-8200
Facsimile: (804) 788-8218
*grobertson@hunton.com*
*rglasgow@hunton.com*

* *Admitted pro hac vice*

Attorneys for Defendant Farmers Pride, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 24th day of September, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

BERGER & MONTAGUE, P.C.
Shanon J. Carson, Esq.
(scarson@bm.net)
1622 Locust Street
Philadelphia, PA 19103

Philip A. Downey
(downeyjustice@gmail.com)
1555 Embreeville Road
Unionville, PA 19375

SCHNEIDER WALLACE COTRELL
BRAYTON KONECKY LLP
Clint J. Brayton, Esq.
(cbrayton@schneiderwallace.com)
Andrew P. Lee, Esq.
(alee@schneiderwallace.com)
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

_______ /s/ Ryan A. Glasgow_________
Attorney for Defendant