IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUZ LUGO, *et al.*, | : |
| *Plaintiffs*, | : CIVIL ACTION NO. 07-CV-00749 |
| v. | : |
| FARMERS PRIDE, INC., | : Honorable Michael M. Baylson |
| *Defendant.* | : |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice of Supplemental Authority concerning Defendant's motion to decertify the collective action class, to notify the Court of the recent decisions in *Parker, et al. v. Smithfield Packing Co., Inc.*, No. 07-176-H (E.D.N.C. Aug. 23, 2010), and *Lewis, et al. v. Smithfield Packing Co., Inc.*, No. 7:07-cv-166 (E.D.N.C. Aug. 23, 2010). In these cases, the United States District Court for the Eastern District of North Carolina has just issued opinions recommending the denial of the motions for decertification of conditionally certified classes under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216.

These opinions reject arguments similar to those advanced by Defendant in this case. Copies of the decisions are attached hereto as Exhibits A and B, respectively. The plaintiffs in the *Lewis* case were paid two different donning and doffing allowances (more was paid to knife-workers) similar to what Defendant alleges occurred here. In the *Parker* case, the allowances varied even more. *Parker* at 3 ("After March 2006, however, defendants began paying all employees additional minutes, ranging between three and twenty-seven minutes per day, dependent upon the employee's job location and type of job the employee has."). The protective equipment required to be worn by the *Smithfield* plaintiffs could vary by employee position, the

same as here. The time and place that the *Smithfield* plaintiffs could don and doff items could also vary by department, the same as here. The defendant in *Smithfield* argued that the continuous workday doctrine required an individualized assessment of the time worked by each plaintiff, the same as here. In rejecting this argument, the Court held: "As to the first-touch rule, differences in when employees first and last touch protective equipment relate primarily to the issue of damages. As indicated, differences in damages are not a basis for decertification." *Lewis* at 8. The Court also rejected the applicability of the decision in *Gatewood v. Koch Foods of Mississippi, LLC*, No. 3:07cv82ks-mtp (S.D. Miss. Oct. 20, 2009), that Defendant relies on here.

Most important, the Court held:

> If the circumstances of each plaintiff were as vastly different and individualized as defendant argues, it would seemingly have been impossible for it to use a single pay scale for donning and doffing activities with a discrete number of categories that applied to all plaintiffs and purportedly accommodated the myriad of variables it alleges. The fact that defendant did, in fact, use such a pay scale, having only two categories, either a three-minute or ten-minute pay allocation, substantiates that plaintiffs are similarly situated.

*Lewis* at 8; *Parker* at 8. The exact same reasoning applies here with respect to Farmer's Pride's schedule that was applicable to employees on a department by department basis.

The *Smithfield* Court also rejected the assertion that defenses in a wage and hour donning and doffing case are individualized, holding: "The broad similarities among plaintiffs provide defendant broad-based defenses to their claims, not requiring proof of individualized facts at trial." *Lewis* at 9; *Parker* at 9. Finally, the Court found that fairness and procedural considerations warranted the denial of decertification, holding: "Absent certification, the relatively modest amount of time taken for donning and doffing activities and associated

compensation could well mean that members of the putative class would be financially unable to pursue their claims." *Lewis* at 10; *Parker* at 10.

Dated: August 24, 2010 **BERGER & MONTAGUE, P.C.**

/s/ Shanon J. Carson
Shanon J. Carson
James A. Wells
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile : (215) 875-4604
scarson@bm.net

Todd M. Schneider, Esq.
Clint J. Brayton, Esq.
**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
cbrayton@schneiderwallace.com

Philip A. Downey, Esq. (I.D. No. 81603)
**THE DOWNEY LAW FIRM, LLC**
P.O. Box 1021
Unionville, PA 19375
Telephone: 610-324-2848
Facsimile: (610) 347-1073
downeyjustice@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2010, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will then send notification of such filing to the following:

>George C. Werner, Esq.
>Jill Sebest Welch, Esq.
>Stephanie Carfley, Esq.
>**Barley Snyder, LLC**
>126 E. King Street
>Lancaster, PA 17602
>Telephone: (717) 299-5201
>Facsimile: (717) 291-4660
>gwerner@barley.com
>jwelch@barley.com
>www.barley.com
>
>Gregory Robertson, Esq.
>Michael Mueller, Esq.
>**Hunton & Williams, LLP**
>Riverfront Plaza, East Tower
>951 East Byrd Street
>Richmond, VA 23219
>Telephone: (804) 788-8791
>Facsimile: (804) 343-4897

>/s/Shanon J. Carson
>Shanon J. Carson
>*Attorney for Plaintiffs*