**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
LUZ LUGO, *et al.*,                     :      CIVIL ACTION NO. 07-CV-00749
                                        :
            Plaintiffs,                 :
                                        :
        v.                              :
                                        :
FARMERS PRIDE, INC.,                    :
                                        :
            Defendant.                  :
_____:

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

# Table of Contents

I.     INTRODUCTION ............................................................................................... 1

II.    ARGUMENT ...................................................................................................... 2

    A.     STANDARD FOR SUMMARY JUDGMENT ...................................... 2

    B.     THE DONNING AND DOFFING ACTIVITIES AT ISSUE ARE "WORK" UNDER THE FLSA ................................................................... 3

    C.     THE DONNING AND DOFFING ACTIVITIES ARE INTEGRAL AND INDISPENSABLE TO THE EMPLOYEES' PRINCIPAL WORK ACTIVITIES AND THUS CAN START AND STOP THE CONTINUOUS WORK DAY ...... 9

    D.     DONNING AND DOFFING ACTIVITIES DURING MEAL BREAKS ARE COMPENSABLE ............................................................................ 14

III.    CONCLUSION.................................................................................................. 17

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alvarez v. IBP., Inc.*,
  339 F.3d 894 (9th Cir. 2003) ..................................................................17

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).............................................................................2, 3

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946)...............................................................................4

*Armour & Co. v. Wantock*,
  323 U.S. 126 (1944)...............................................................................4

*Ballaris v. Wacker Siltronic Corp.*,
  370 F.3d 901 (9th Cir.2004) ...............................................................10, 11

*Bernard v. IBP, Inc.*,
  154 F.3d 259 ....................................................................................15, 16

*Bonilla v. Baker Concrete Constr., Inc.*,
  487 F.3d 1340 (11th Cir. 2007) .............................................................10

*Burks v. Equity Group – Eufaula Div., LLC*,
  571 F. Supp. 2d 1235 (M.D. Ala. 2008) ...................................................10

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)...............................................................................2

*De Asencio v. Tyson Foods, Inc.*,
  500 F.3d 361 (3d Cir. 2007)........................................................... passim

*Farmer v. Ottawa County*,
  No. 98-2321/99-1047, 2000 WL 420698 (6th Cir. Apr. 13, 2000)...........4

*Freidrich v. U.S. Computer Servs.*,
  974 F.2d 409, 412 (3d Cir. 1992).............................................................9

*Gatewood v. Koch Foods of Miss., LLC*,
  569 F. Supp. 2d 687 (S.D. Miss. 2008)................................................6, 12

*Gorman v. Consolidated Edison Corp.*,
  488 F.3d 586 (2d Cir.2007).................................................................10, 11

*Henson v. Pulaski County Sheriff Dep't*,
  6 F.3d 531 (8th Cir. 1993) .....................................................................16

*IBP, Inc., v. Alvarez*,
    546 U.S. 21, 25-26 (2005) ........................................................................ passim

*In re Cargill Meat Solutions Wage and Hour Litig.*,
    632 F. Supp. 2d 368 (M.D. Pa. 2008) ...................................................... passim

*Jordan v. IBP, Inc.*,
    542 F. Supp. 2d 790 (M.D. Tenn. 2008)...................................................6, 10, 14

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
    No. 09-834, Slip Op. at 9 (S. Ct. Mar. 22, 2011) ......................................3

*Kohlheim v. Glynn County, Ga*,
    915 F.2d 1473 (11th Cir. 1990) ................................................................15

*Mitchell v. Lublin, McGaughy & Assocs.*,
    358 U.S. 207 (1959).................................................................................3

*Perez v. Mountaire Farms, Inc.* (*Perez I*),
    601 F. Supp. 2d 670 (D. Md. 2009) .........................................................4, 6, 8

*Perez v. Mountaire Farms, Inc.* (*Perez II*),
    610 F. Supp. 2d 499 (D. Md. 2009) ......................................................... passim

*Smith v. Johnson and Johnson*,
    593 F.3d 280 (3d Cir. 2010)......................................................................3

*Spoerle v. Kraft Foods Global, Inc.*,
    527 F.Supp.2d 860 (W.D.Wis.2007) .......................................................10

*Steiner v. Mitchell*,
    350 U.S. 247 (1956).................................................................................10

*Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*,
    321 U.S. 590 (1944).................................................................................3, 4

*Tony & Susan Alamo Found. v. Sec'y of Labor*,
    471 U.S. 290 (1985).................................................................................3

*Turner v. Schering-Plough Corp.*,
    901 F.2d 335 (3d Cir. 1990)......................................................................2

*Young v. Quinlan*,
    960 F.2d 351 (3d Cir. 1992)......................................................................2

**STATUTES**

29 U.S.C. § 201, *et seq.*.............................................................................1, 3

29 U.S.C. § 206(a)(1) .............................................................................................................3

29 U.S.C. § 207(a)(1) .............................................................................................................3

Portal to Portal Act, 29 U.S.C. § 254(a) ...............................................................................9

**OTHER AUTHORITIES**

29 C.F.R. § 785.19(a) (2009) ...............................................................................................14

29 C.F.R. § 790.6 (a), (b) ...............................................................................................10, 15

Fed. R. Civ. P. 56 ...............................................................................................................1, 2

## I.    **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56(a), Plaintiffs and the Class, through their counsel of record, respectfully submit this Memorandum of Law in support of their Motion for Partial Summary Judgment against Defendant Farmers Pride, Inc. ("Farmers Pride" or "Defendant").  Plaintiffs allege that Defendant failed to pay its hourly production line employees for substantial amounts of time spent working off the clock and for failing to provide them with the meal periods to which they are entitled by law.  The primary fact-based issue for trial is how much time employees spent working off-the-clock.  Plaintiffs allege that Defendant did not pay them for time spent on various tasks that are integral to their overall employment responsibilities such as: obtaining tools, equipment and supplies necessary for the performance of their jobs; obtaining, preparing, donning and doffing and sanitizing personal protective equipment and related gear ("PPE"); sharpening knives or using knife maintenance equipment known as steels; and walking between worksites before the first production line work activity and after the last production line activity of the day (collectively, the "donning and doffing activities").

Plaintiffs seek to narrow the triable issues by establishing that certain issues, based on undisputed material facts, should be resolved as a matter of law.  Plaintiffs move for a ruling:

(a)    that the donning and doffing activities at issue constitute "work" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*;

(b)    that the donning and doffing activities at issue are integral and indispensable to Plaintiffs' principal work activity and therefore, are themselves principal activities that commence the continuous workday; and

(c)    that the donning and doffing activities performed during the meal period are compensable because the activities constitute work as a matter of law and occur during the "continuous workday."

This motion is based on the undisputed facts that such activities take place each shift and the controlling and persuasive legal authority that has thoroughly examined these issues before. Once these issues are decided, the remaining issues for trial are:

1.       The amount of uncompensated time Plaintiffs spent on donning and doffing activities off the clock before and after their scheduled shift, and during their meal period;

2.       Whether, in light of the amount of uncompensated work performed during the meal period, the entirety of the meal period was predominantly for Plaintiffs' benefit sufficient to qualify as a *bona fide* meal period;

3.       Whether the time spent on uncompensated work when taken in the aggregate for each shift is subject to exclusion from compensability by the *de minimis* doctrine;

4.       Whether Defendant's conduct was willful; and

5.       Whether Defendant's conduct was in good faith.

## II.   ARGUMENT

### A.     Standard For Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340-41 (3d Cir. 1990). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *Young v. Quinlan*, 960 F.2d 351, 357 (3d Cir. 1992). To determine whether the nonmoving party has met his or her burden, the court must focus on both the materiality and genuineness of the factual issues raised by the non-movant. "[T]he mere

existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine*

issue of *material* fact."  *Anderson*, 477 U.S. at 247-48 (emphasis in original).

The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, is a remedial statute and should be

"construed broadly, but exemptions to it are construed narrowly, *i.e.*, against the employer."

*Smith v. Johnson and Johnson*, 593 F.3d 280, 284 (3d Cir. 2010) (citing *Lawrence v. City of*

*Phila.*, 527 F.3d 299, 310 (3d Cir. 2008)); *see also Mitchell v. Lublin, McGaughy & Assocs.*, 358

U.S. 207, 211 (1959) ("[The FLSA] must be construed liberally to apply to the furthest reaches

consistent with congressional direction.").  The FLSA "seeks to prohibit 'labor conditions

detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers.'"  *Kasten v. Saint-Gobain Performance Plastics*

*Corp.*, No. 09-834, Slip Op. at 9 (S. Ct. Mar. 22, 2011) (quoting 29 U.S.C. § 202(a)).  An

interpretation of the FLSA that limits the provision's coverage should not undermine these basic

objectives.  *Cf. id.* at 8-9; *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296

(1985) (stating that the FLSA should be construed to the fullest extent of its intended purpose).

**B.     The Donning And Doffing Activities At Issue Are "Work" Under The FLSA**

Plaintiffs' donning and doffing activities constitute "work" for purposes of the FLSA as a

matter of law.  The FLSA generally requires employers to compensate covered employees for all

hours worked.  *See* 29 U.S.C. § 206(a)(1) (requiring minimum wage for hours worked); *id.* §

207(a)(1) (requiring payment of overtime premium for all hours worked over and above 40 each

week).  The FLSA does not specifically define the term "work," but the Supreme Court has

construed this term broadly.  *See IBP, Inc. v. Alvarez* (*Alvarez II*), 546 U.S. 21, 25-26 (2005)

(summarizing prior case law in *Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S.

3

590 (1944), *Armour & Co. v. Wantock*, 323 U.S. 126 (1944) & *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) and concluding "[o]ur early cases defined [work] broadly").

Specifically, the Supreme Court held in *Tennessee Coal*, that "work" should be interpreted as it is "commonly used-as meaning physical or mental exertion (whether burdensome or not) controlled **or** required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tenn. Coal*, 321 U.S. at 598 (emphasis added). Shortly thereafter, the Supreme Court clarified that an activity need not require exertion to be considered compensable work under the FLSA because an employee may be hired "to do nothing, or to do nothing but wait for something to happen." *Armour*, 323 U.S. at 132-33. Whether a particular activity constitutes work under the FLSA is a question of law. *See Farmer v. Ottawa County*, No. 98-2321/99-1047, 2000 WL 420698, at *3-4 (6th Cir. Apr. 13, 2000) (citing *Birdwell v. City of Gadsden*, 970 F.2d 802, 807 (11th Cir. 1992)).

The Third Circuit has previously ruled that donning and doffing of personal protective equipment at a chicken processing plant is "work" under the FLSA as a matter of law regardless of whether the activities require exertion. *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 373 (3d Cir. 2007); *see also Perez v. Mountaire Farms* (*Perez I*), 601 F. Supp. 2d 670, 677 (D. Md. 2009) (finding donning and doffing PPE at a Delaware poultry processing plant, on facts substantially similar to those in this case, constituted "work"); *In re Cargill Meat Solutions Wage and Hour Litig.*, 632 F. Supp. 2d 368, 377-78 (M.D. Pa. 2008) (finding donning and doffing PPE at Pennsylvania poultry processing plant to constitute work that is integral and indispensable to the principal work activity of poultry processing).

In *De Asencio*, a collective of poultry processing employees brought suit against Tyson Foods alleging that their donning, doffing and washing activities constituted compensable work

under the FLSA.  *See De Asencio*, 500 F.3d at 363.  Tyson did not pay its hourly employees for

time spent performing these activities and attempted to defend against the claims by asserting

that the activities were not work because they did not require exertion.[1]  Employees at the facility

were required to use PPE by "government regulations and corporate or local policy and

practice."  *Id.* at 363.  "Most employees generally w[ore] a smock, hairnet, beard net, ear plugs

and safety glasses."[2]  *Id.* at 364.  Certain employees wore additional sanitary and protective gear

including a plastic apron, soft plastic sleeves, cotton glove liners, rubber gloves, a mesh glove,

and rubber boots.  *Id.*

At trial, the district court gave the jury an instruction that improperly instructed the jury

to consider whether the employees "had demonstrated some sufficiently laborious *degree* of

exertion."  *Id.* at 373 (emphasis in original); *see id.* at 366 (quoting the jury instruction).  The

jury, in finding for Tyson, determined that the donning and doffing activities did not constitute

"work" under the FLSA.  *Id.*  Plaintiffs appealed.

The Third Circuit concluded that *Alvarez II* "not only reiterated the broad definition of

work, but its treatment of walking and waiting time under the Portal-to-Portal Act necessarily

precludes the consideration of cumbersomeness or difficulty on the question of whether activities

are work."  *Id.* at 370-71.  The *Alvarez* Court had explained that "the Portal-to-Portal Act does

not purport to change this Court's earlier descriptions of the term[] 'work.'"  *De Asencio*, 500

F.3d at 367 (quoting *Alvarez II*, 546 U.S. at 28).  The *De Asencio* court, in examining the lower

court decisions in light of the Supreme Court's reasoning, separated "work" from compensability

---

[1] Defendant's current CEO was the complex manager in *De Asencio*, and defense counsel here was defense counsel in *De Asencio*.

[2] At oral argument, Tyson disputed that it necessarily "required" such gear but the parties had stipulated that the clothing was required in their joint pre-trial memorandum.  *De Asencio*, 500 F.3d at 364 n.4.

by noting that notwithstanding any determination of "work," activities may be nevertheless non-compensable due to the *de minimis* doctrine and/or the Portal-to-Portal Act.  *See id.* at 368-69.

Ultimately, the *De Asencio* court concluded that the appropriate standard to consider in determining whether an activity constitutes "work" under the FLSA requires consideration of whether the employees had "demonstrated some form of activity controlled or required by the employer and pursued for the benefit of the employer."  *See De Asencio*, 500 F.3d at 373.

Further, the *De Asencio* court held "**the donning and doffing activities [at issue] constitute work as a matter of law.**"  *Id.* at 373.  In fact, courts have repeatedly found the donning and doffing activities in this case to constitute "work" at comparable facilities.  *See, e.g.*, *Perez I*, 601 F. Supp. 2d at 677 (D. Md. 2009); *In re Cargill*, 632 F. Supp. 2d at 378 (finding the donning and doffing activities at the poultry processing plant to be "work"); *Gatewood v. Koch Foods of Miss., LLC*, 569 F. Supp. 687, 694 (S.D. Miss. 2008) (adopting the *De Asencio* holding that donning and doffing activities at issue are work as a matter of law); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 810 (M.D. Tenn. 2008) (finding the donning and doffing of a frock serves to, respectively begin and end the continuous workday because it is integral and indispensable to the principal production activities).

Defendant may assert that by not saying it ***requires*** items of PPE, donning and doffing those items fails the first factor in the "work" inquiry.  Defendant is wrong.  Even one item of required PPE can suffice to meet the integral and indispensable test and start the continuous workday.  *See, e.g.*, *Jordan*, 542 F. Supp.2d at 810 (granting plaintiffs' motion for summary judgment that donning and doffing PPE pre- and post-shift is integral and indispensable after analyzing only whether donning and doffing the frock qualified to start the continuous workday).

More importantly, however, Defendant's disavowal of requiring PPE is a red herring as the PPE in question is certainly required by the nature of the work and performed sufficiently within the control of Defendant.  According to Defendant's theory, if a skydiving company told its instructors that a parachute was optional and is worn to primarily benefit the employee by keeping the employee alive, the time spent donning and doffing the parachute is not compensable work.  Clearly, such a statement makes no sense.  But to accept as relevant Defendant's position that it does not require specific items of PPE that are, nevertheless, universally used because they assist in performing the job and protect the wearer would require the court to credit the above analogy as a meritorious defense.  Put simply, a self-serving assertion as to whether an item of PPE is "required" is not dispositive.

The donning and doffing activities at issue in this case are, predominantly, the same as those in *De Asencio* (another poultry plant case) and therefore, constitute "work" as a matter of law.  Regardless of whether Plaintiffs were expressly required by Defendant to wear any number of items of PPE, Plaintiffs in this case perform the same production functions and donning and doffing tasks at the Farmers Pride plant as the plaintiffs in *De Asencio*.  *Compare* SOF ¶¶ 17-20 & 11-12 (detailing the equipment provided and or required by Defendant and worn by Plaintiffs), *with De Asencio*, 500 F.3d at 364 (listing equipment worn by employees at the Tyson plant).  Similarly, Plaintiffs in this case perform the same production functions and donning and doffing tasks as the plaintiffs in *In re Cargill* at Cargill's Pennsylvania plant.  Hourly employees at the Cargill facility in Hazleton, Pennsylvania were required to wear a smock, hard hat, hairnet, earplugs, steel-toed boots, gloves, and safety glasses while some also wore additional items of PPE.  *See In re Cargill*, 632 F. Supp. 2d at 373.  The Middle District of Pennsylvania judge also found those activities to constitute "work" as a matter of law in reliance on the Third Circuit's

*De Asencio* opinion.  *See In re Cargill*, 632 F. Supp. 2d at 378; *see also Perez I*, 601 F. Supp. 2d

at 677 (similarly finding the plaintiffs' poultry plant donning and doffing activities at

Mountaire's Delaware facility to be "work"); *Perez v. Mountaire Farms* (*Perez II*), 610 F. Supp.

2d 499, 503 (D. Md. 2009) (noting employees were required to wear ear plugs, bump caps,

smocks/lab coats, hair/beard nets, and steel toed rubber boots and that employees were also

required to wear a combination of other items such as rubber gloves, aprons, safety glasses, mesh

gloves, and sleeves based on their job functions).  The PPE used by Plaintiffs are standard and

used universally throughout the poultry processing industry irrespective of any express employer

requirements because the PPE is necessary to the nature of the work.  Plaintiffs' donning and

doffing activities are, thus, "work" as a matter of law in this case just as they were in *De Asencio*

and *In re Cargill*.

Additionally, Defendant controlled the donning and doffing activities of employees in

many ways.  Defendant provided Plaintiffs with much of the PPE they used.  SOF ¶ 20 (non-

exclusive list of items Defendant provides to employees).  Defendant provided Plaintiffs with

lockers in which employees were permitted to store items of PPE between shifts and from which

Plaintiffs obtained PPE each day before their shift.  SOF ¶¶ 5(c) & 24 (noting employees are

assigned a locker and that they stored PPE in their lockers).  Defendant provided Plaintiffs with

additional PPE at its supply room.  SOF ¶ 25 (noting those items worn by employees not stored

in lockers are obtained at the supply station).  In 2007, after the filing of this lawsuit, Defendant

changed its policies.  SOF ¶ 30 (detailing plant policy changes).  Defendant no longer permitted

Plaintiffs to store their PPE in their lockers and Plaintiffs were made to obtain and don their PPE

in the production area immediately before production began.  SOF ¶ 30.  Defendant's apparent

strategy is to profess that it did not "control" Plaintiffs' donning and doffing activities before the

2007 changes.  The problem with this argument is that Defendant did, in fact, exercise sufficient control.  Moreover, Defendant has since demonstrated the degree of control Defendant has always been capable of implementing.  And, really, Defendant's decision not to exercise this degree of control evidences Defendant's control because such a decision is, itself, an exercise of control.  Finally, some of the items at issue were actually required not only by Defendant but by federal regulations.  SOF ¶¶ 14 & 17.

> **C.     The Donning And Doffing Activities Are Integral And Indispensable To The Employees' Principal Work Activities And Thus Can Start And Stop The Continuous Work Day**

Work activities may nevertheless be non-compensable if they are not integral and indispensable to an employee's principal work activities and occur preliminarily or postliminarily to those activities.  Here, Plaintiffs' donning and doffing activities are integral and indispensable to Plaintiffs' principal work activities making them compensable and sufficient to start and stop the continuous workday.  *See De Asencio*, 500 F.3d at 373 (citing *Alvarez*, 546 U.S. at 37); *see also* the Portal to Portal Act, 29 U.S.C. § 254(a) (relieving an employer of responsibility for compensating employees for "preliminary" and "postliminary" activities "which occur either prior to the time on any particular workday at which such employees commences, or subsequent to the time on any particular work day at which he ceases such principal activity or activities").  Exemptions to compensability of work activities under the FLSA, such as pre- and postliminary activities, must be narrowly construed against the employers that seek to apply the exemption.  *See Perez II*, 610 F. Supp. 2d at 516 (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).  Employers bear the burden of proving that its employees fit within such an exemption and the exemption of an activity must be proven plainly and unmistakably.  *Cf. Freidrich v. U.S. Computer Servs.*, 974 F.2d 409, 412 (3d Cir. 1992).

The Supreme Court holds that activities that are "integral and indispensable" to principal activities are themselves principal activities – not pre- or postliminary – and are therefore compensable under the FLSA. *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956) ("activities performed either before or after the regular work shift, on or off the production line, are compensable…if those activities are an integral and indispensable part of the principal activities"). The "continuous workday" is comprised of all activities performed by an employee between the commencement of the first principal work activity and the completion of the last principal work activity each work day. *See* 29 C.F.R. § 790.6 (a), (b). "[T]o the extent activities engaged in by an employee occurs after the employee commences to perform the first principal activity on a particular work day and before he ceases the performance of the last principal activity on a particular work day," such activities cannot be exempted from coverage by that FLSA and are compensable. *See id.* This "continuous workday rule" makes any activity such as walking, waiting, washing, or sanitizing compensable after the workday has begun. *See Alvarez II*, 546 U.S. at 28-29; *see also Perez II*, 610 F. Supp. 2d at 517.

Although a circuit split exists as to the appropriate test for whether activities are "integral and indispensable" to principal work activities,[3] the Third Circuit has outlined the rule as it

---

[3] *Compare, e.g.*, *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 911 (9th Cir.2004) (applying the "integral and indispensable" test and finding that where company policy and federal law require employees to don and doff certain equipment, the Portal-to-Portal Act does not permit non-compensation); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1344 (11th Cir. 2007) (citing *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir.1976)) (holding an activity is "integral and indispensable" when it is "necessary to the business" and performed "primarily for the benefit of the employer"); *Spoerle v. Kraft Foods Global, Inc.*, 527 F.Supp.2d 860, 864 (W.D.Wis.2007) ("Because plaintiffs need to put on the equipment in order to perform their job safely, their doing so is 'an integral and indispensable part' of a 'principal activity.'"); *Burks v. Equity Group – Eufaula Div., LLC*, 571 F. Supp. 2d 1235 (M.D. Ala. 2008) (same); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790 (M.D. Tenn. 2008) (same in a Sixth Circuit district court), *with Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 594 (2d Cir.2007) (holding "indispensable" means "necessary," whereas "integral" means "essential to completeness;" and

applies to this court.  For donning and doffing of PPE to be integral and indispensable to the principal work activity in the Third Circuit, the donning and doffing must be (1) necessary to the principal work performed and (2) done for the benefit of the employer.  *See De Asencio*, 500 F.3d at 372 (adopting the view of the Ninth Circuit in *Ballaris* to determine whether an activity is work and integral and indispensable).

Although the issue of whether the donning and doffing activities are integral and indispensable was not directly before the *De Asencio* court, the Third Circuit's opinion clearly indicated that such activities are properly considered principal activities.  Subsequently, Judge Nealon of the Middle District of Pennsylvania ruled that the time spent donning, doffing, gathering, maintaining, and sanitizing work-related gear and equipment and the time spent traveling between the changing area and the production line before and after shifts and during break times by a collective of plaintiffs employed at another poultry processing plant in Pennsylvania is compensable as a matter of law under the FLSA and the Portal-to-Portal Act. *See In re Cargill*, 632 F. Supp. 2d at 377-78.

Similar cases in other jurisdictions have repeatedly come to the same conclusion.  In *Perez II*, after a bench trial, Judge Andre Davis of the Maryland district court (now a Fourth Circuit judge) concluded that donning and doffing PPE identical to the items at issue in this case were integral and indispensable to the principal work activity of chicken processing.[4]  In making that determination, Judge Davis determined that the PPE in question is "necessary to the

---

that donning and doffing activities do not qualify as essential to completeness").  The Third Circuit has adopted the Ninth Circuit's test, not *Gorman*.  *See De Asencio*, 500 F.3d 361.

[4] As here, the plaintiffs in *Perez* were required to wear ear plugs, bump caps, smocks/lab coats, hair/beard nets, and steel toed rubber boots.  *See Perez II*, 610 F. Supp. 2d at 503.  Employees were also required to wear a combination of other PPE such as rubber gloves, aprons, safety glasses, mesh gloves, and sleeves based on the requirements of the department in which they work.

principal work performed and . . . done for the benefit of the employer." *Perez II*, 610 F. Supp. 2d at 517; *see also id.* at 519 ("Mountaire employees are required by law, policy, and the nature of the work to don and doff their PPE at work."); *In re Cargill*, 632 F. Supp. 2d at 378 (finding the donning and doffing activities at the poultry processing plant to be integral and indispensable to the principal work activity of poultry processing);[5] *Gatewood v. Koch Foods of Miss., LLC*, 569 F. Supp. 2d 687, 694 (S.D. Miss. 2008) (adopting the *De Asencio* holding that donning and doffing activities at issue are work as a matter of law).

Plaintiffs' donning and doffing of PPE is integral and indispensable to their principal work activity of processing poultry because it is a work activity required by the nature of the work and the employer and performed primarily for the benefit of the employer.  Farmers Pride may argue it does not require certain items of PPE but, even if taken as true, that assertion does not render the donning and doffing activities at issue non-compensable.  For example, in *Perez v. Mountaire Farms*, the district court considered a similar argument during the bench trial when the defendant argued that employees had the option to take their PPE home causing the activities at issue to be non-compensable.  *See Perez II*, 610 F. Supp. 2d at 519.  The court found the option to take PPE home to be "illusory" because employees were provided with lockers and any employee who requested a locker received one.  *Id.*  The court stated "[i]f changing at home were a bona fide option, there would be no real need for employee lockers or for Defendants to incur the costs of installing them." *Id.*

In this case, Farmers Pride similarly provides Plaintiffs with the PPE they wear.  SOF ¶ 20.  Farmers Pride provides Plaintiffs with a locker in which to store the PPE.  SOF ¶ 5(c).  Even

---

[5] As here, the plaintiffs in *In re Cargill* wore a smock, hard hat, hairnet, earplugs, steel-toed boots, gloves, and safety glasses while some also wore additional items of PPE.  *See In re Cargill*, 632 F. Supp. 2d at 373.

now that Farmers Pride has moved the distribution of PPE into the production area and exercises significant control over the location and timing of donning and doffing activities, Farmers Pride offers the same equipment it professes to be optional.  *See* SOF ¶ 30.  Therefore, although Farmers Pride professes to not require some of the items of PPE, such an option not to wear it is illusory for the same reason the option to take PPE home was illusory in *Perez.*

Moreover, when considering whether an activity is required by the nature of the work, the court should look to the principal work performed and the equipment at issue.  Here, Plaintiffs wore equipment that was identical to the equipment worn at the Delaware Mountaire Farms facility of *Perez II*, the Pennsylvania Cargill facility of *In re Cargill*, and the Pennsylvania Tyson facility of *De Asencio*. *Compare De Asencio*, 500 F.3d at 364; *In re Cargill*, 632 F. Supp. 2d at 373; *and Perez II*, 610 F. Supp. 2d at 503.  The work performed at each plant was processing poultry and did not substantially differ in any material respect from the work at Farmers Pride's facility.  Therefore, regardless of whether the equipment was expressly required by Defendant, Defendant provided the same equipment to Plaintiffs, *see* SOF ¶ 20, to perform the same processing tasks as employees at the Mountaire, Cargill, and Tyson plants where courts have found these activities to be integral and indispensable to their principal production activities.

Similarly, Farmers Pride has argued that the PPE at issue in this case primarily benefits the employees and that it is worn solely for their own comfort and convenience.  The *Perez II*, *In re Cargill*, and *De Asencio* courts all found to the contrary, however, and held that the donning and doffing of the PPE at issue in this case is integral and indispensable to the principal work activity of processing poultry.  *See Perez II*, 610 F. Supp. 2d at 517; *see also id.* at 519 ("Mountaire employees are required by law, policy, and the nature of the work to don and doff their PPE at work."); *In re Cargill*, 632 F. Supp. 2d at 378 (finding the donning and doffing

activities at the poultry processing plant to be integral and indispensable to the principal work activity of poultry processing as required by the reasoning in *De Asencio*); *see also Jordan*, 542 F. Supp. 2d at 807 ("The minor benefit to the employees of keeping street clothes clean pales by comparison [to the benefit defendant received in maintaining cleanliness of their facilities and preventing contamination of product].  As such, there is no question that, as a matter of law, it is the defendants who reap not only *some* benefit from the donning and doffing of the frocks, but the *primary* benefit of doing so." (emphasis in original)).  Therefore, these courts have necessarily made a finding that the PPE at issue in this case and those cases does not primarily benefit Plaintiffs.

### D.    Donning and Doffing Activities During Meal Breaks Are Compensable

The time Plaintiffs spent donning and doffing their PPE during unpaid meal breaks is compensable work under the FLSA.  Although the time between the commencement of the first principal work activity and completion of the last principal work activity each day is generally compensable, employers can deduct from that time a bona fide meal period.  "[B]ona fide meal periods are not work time . . . .  The employee must be completely relieved from duty for purposes of eating regular meals . . . .  The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." 29 C.F.R. § 785.19(a) (2009).  Irrespective of whether donning and doffing activities took place during bona fide meal periods, because the activities constitute "work" as a matter of law, the activities are unquestionably compensable as a matter of law when they occur on either side of an unpaid meal period.

Although Plaintiffs concede an issue of material fact exists with respect to whether Plaintiffs actually receive a *bona fide* meal period when considering the time spent engaged in donning, doffing, and washing activities, no such issue of fact exists with regard to the

*compensability of the donning and doffing activities themselves.*[6]  Since Plaintiffs are not seeking

summary judgment on the issue of whether the meal period is a bona fide meal period, the

remaining issue is merely whether the donning and doffing activities can be exempted from

compensable time even though they occur during the continuous work day.  They cannot be

exempted.

"[T]o the extent activities engaged in by an employee occur after the employee

commences to perform the first principal activity on a particular work day and before he ceases

the performance of the last principal activity on a particular work day," such activities cannot be

exempted from coverage by that FLSA and are compensable.  *See* 29 C.F.R. § 790.6 (a), (b).

The donning, doffing and washing activities engaged in by employees at poultry processing

plants at the beginning and end of breaks are activities engaged in by an employee after the first

and before the last principal production activity.

It would be inappropriate to exclusively analyze Plaintiffs donning, doffing, and washing

activities during breaks by applying the predominate benefit test for bona fide meal periods as

that test has been applied to determine whether the entirety of a meal period is compensable in

cases where the employee has work related duties interspersed with his or her free time.  By

contrast, Plaintiffs activities bracket the free time Plaintiffs' have to eat a regular meal.

For this reason, Plaintiffs have bifurcated the issue into two parts.  First, Plaintiffs move

for summary judgment on the grounds that the time Plaintiffs spend donning, doffing, and

---

[6] While no absolute consensus between circuits exists as to the precise test to use when
considering whether a break qualifies as a "bona fide meal period" under the DOL regulations,
the two tests are the "completely relieved from duty" test,  relying on a formalistic and strict
reading of meal break regulation, and the "predominant benefit" test.  *See, e.g.*, *Kohlheim v.
Glynn County, Ga*, 915 F.2d 1473 (11th Cir. 1990) (completely relieved of duty test); *Bernard v.
IBP, Inc.*, 154 F.3d 259, 265 n.16 (citing *Roy v. County of Lexington, SC*, 141 F.3d 533, 544 (4th
Cir. 1998) (predominant benefit test).

washing during the undisputed continuous work day is compensable time.  The compensability here is self-evident.  Once the donning, doffing, and washing time is divorced from the consideration of the bona fides of the meal period, no grounds exist to exclude the activities from compensability.  The Supreme Court made clear that such time was compensable in *Alvarez II*.  The time spent performing these activities on either side of the unpaid meal period is no less compensable than walking time occurring after the first principal activity and before the last principal activity in *Alvarez II*.  Therefore, the time spent performing those activities in this case is clearly compensable pursuant to Supreme Court and Third Circuit law.

A second, discrete inquiry is whether these same donning, doffing, and washing activities performed during the 30-minute unpaid meal period make the period predominantly for the employer's benefit thereby preventing the period from being a "bona fide meal period."  Courts considering that question typically rule that the inquiry is a question of fact for the jury.  *See, e.g.*, *Bernard v. IBP, Inc.*, 154 F.3d 259, 265 ("Whether meal time is predominantly for the benefit of the employer is a question of fact that is ordinarily resolved by the trier of fact after hearing all of the evidence."); *Henson v. Pulaski County Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993) (declining to rule on the issue as a matter of law).  Furthermore, without a determination of fact as to how much time is spent donning, doffing and washing and how much, if any, of that time has already been compensated, a determination of whether the unpaid meal period predominantly benefits the employer is premature.  Thus, even though "it is beyond cavil that the donning, doffing, washing, and retrieving of protective gear is, at both broad and basic levels, done for the benefit of [the employer]," whether those activities, when performed during an unpaid meal period make the entire period predominantly benefit the employer is a question of

fact for the jury. *Alvarez v. IBP, Inc.* (*Alvarez I*), 339 F.3d 894, 903 (9th Cir. 2003) (citing *United Transp. Union Local 1745 v. Albuquerque*, 178 F.3d 1109, 1116 (10th Cir. 1999)).

When the unpaid meal period is called for, Plaintiffs at the Farmers Pride facility step away from the line and prepare for the period. *See* SOF ¶ 33. Plaintiffs would step off the production line and walk to washing stations where employees had to wash their PPE before proceeding to their break. SOF ¶¶ 37-39 (stating quality control inspectors on occasion would require Plaintiffs to re-wash equipment if its cleaning was unsatisfactory). Plaintiffs were required to leave their gloves and aprons in the room. SOF ¶ 36. Plaintiffs were required to find a hook to hang their PPE on. SOF ¶ 38. Defendant prohibited Plaintiffs from wearing aprons, gloves, sleeves, or smocks in the restrooms or cafeteria necessitating doffing those items for Plaintiffs to be completely relieved of duties during their break. *See* SOF ¶ 40.

Near the end of the unpaid break, Plaintiffs were notified of the conclusion of the break. SOF ¶ 35. Upon return to the production area, Plaintiffs were required to re-sterilize their hands, retrieve their PPE, and walk back to their workstations prior to the recommencement of production. *See* SOF ¶¶ 42 & 44. These activities are compensable as part of the continuous workday and no meal related time is interspersed with the activities. Accordingly, Plaintiffs are entitled to summary judgment on their claim that the time spent performing these activities is compensable.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Partial Summary Judgment and approve the accompanying proposed order.

Dated: March 31, 2011                     Respectfully submitted,

                                          BERGER & MONTAGUE, P.C.


                                            /s/
                                          _____
                                          SHANON J. CARSON
                                          JAMES A. WELLS
                                          1622 Locust Street
                                          Philadelphia, PA  19103
                                          Telephone No.: (215) 875-3000
                                          Facsimile No.: (215) 875-4604

                                          SCHNEIDER WALLACE COTTRELL
                                          BRAYTON KONECKY LLP
                                          TODD M. SCHNEIDER
                                          CLINT J. BRAYTON
                                          180 Montgomery Street, Suite 2000
                                          San Francisco, CA  94104
                                          Telephone No.: (415) 421-7100
                                          Facsimile No.: (415) 421-7105

                                          PHILIP A. DOWNEY
                                          The Downey Law Firm, LLC
                                          P.O. Box 1021
                                          Unionville, PA  19375
                                          Telephone No.: (610) 324-2848
                                          Facsimile No.: (610) 813-4579

                                          *Attorneys for Plaintiffs and Opt-In Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2011, I served a true and correct copy of Plaintiffs=

Motion for Partial Summary Judgment, and all supporting papers, on the following:

### <u>By Electronic Mail and ECF</u>

George C. Werner, Esq.
Barley Snyder LLC
126 East King Street
Lancaster, PA 17602
Telephone: (717) 399-1511
Email: gwerner@barley.com

Jill S. Welch, Esq.
Barley Snyder LLC
126 East King Street
Lancaster, PA 17602
Telephone: (717) 399-1521
Email: jwelch@barley.com

Michael J. Mueller
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 419-2116
Email: mmueller@hunton.com

Ryan A. Glassgow
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8791
Email: rglassgow@hunton.com


_____/s/_____
James A. Wells