**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUZ LUGO, *et al.*, | : | CIVIL ACTION NO. 07-CV-00749 |
| Plaintiffs, | : | |
| v. | : | |
| FARMERS PRIDE, INC., | : | |
| Defendant. | : | |

**<u>PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................... 1

II.   ARGUMENT……………………………………………………………………...…..2

   A.   THE DONNING AND DOFFING PERFORMED BY PLAINTIFFS IS COMPENSABLE WORK ........................................................................................ 2

   B.   DONNING AND DOFFING IS INTEGRAL AND INDISPENSABLE...................... 6

   C.   WORK DURING MEAL PERIODS IS COMPENSABLE ......................................... 9

III.   CONCLUSION ........................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Alford v. Perdue Farms, Inc.*, No. 5:07-cv-87 (CAR) 2008 WL 879413
(M.D. Ga. Mar. 28, 2008) .................................................................................................. 7

*Alvarez,* 339 F.3d 894 (9th Cir. 2003) ................................................................................ 4, 5

*Anderson v. Pilgrim's Pride Corp.* 147 F. Supp. 2d 556, (E.D. Tex. 2001) .................................. 6

*Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004) ...................................... 6

*Bonilla v. Baker Concrete Contruction, Inc.* 487 F.2d 1340 (11th Cir. 2007) ............................... 6

*Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300 (N.D. Alabama 2008) ....................................... 6

*De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361 (3d Cir. 2007) ............................. 1, 2, 3, 4, 5, 6, 7

*Garcia v. Tyson Foods, Inc.*, 474 F. Supp. 2d 1240 (D. Kan. 2007)) ............................................ 5

*Gorman v. The Consolidated Edison Corp.* 488 F.3d 586 (2d Cir. 2007) ...................................... 6

*IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) ......................................................................... 4,7,8

*In re Cargill Meat Solutions Corp.*, 632 F. Supp. 2d 368 (M.D. Pa. 2008) ........................... 1, 3, 7

*Jordan v. IBP, Inc.*, 542 F. Supp. 2d 770 (M.D. Tenn. 2008) ....................................................... 7

*Kuebel v. Black & Decker (U.S.) Inc.*, No. 08-cv-6020, 2009 WL 1401694
(W.D.N.Y. May 18, 2009) ................................................................................................ 6

*Tum v. Barber Foods, Inc.*, 360 F.3d 274 (1st Cir. 2004) ............................................................. 4

**Regulations**

29 C.F.R. § 785.19 .................................................................................................................. 9

29 C.F.R. § 790.6 .................................................................................................................... 9

29 C.F.R. § 790.8(c) ................................................................................................................. 6

I. **INTRODUCTION**

Defendant Farmers Pride's ("Defendant") opposition to Plaintiffs' Motion for Partial Summary Judgment mischaracterizes the undisputed facts in an effort to obfuscate the material facts underlying the legal issues. Defendant contends that Plaintiffs are "purposefully vague" in defining which items of PPE and which donning and doffing activities are at issue in Plaintiffs' Motion. Defendant's apparent supposition is that by paying lip service to a purported policy that Plaintiffs are not required to use some specific items of PPE, Plaintiffs' Motion with regard to pre- and post-shift donning and doffing activities must fail. Defendant's argument is foreclosed by the relevant law and U.S. Department of Labor ("DOL") regulations because it is undisputed that at least some of the items worn are required by Defendant.

Defendant noticeably gives little weight to the most relevant cases: *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 373 (3d Cir. 2007) and *In re Cargill Meat Solutions Corp.*, 632 F. Supp. 2d 368 (M.D. Pa. 2008). Defendant attempts to minimize the controlling and significant persuasive effects of these cases. The problem with Defendant's argument is that, for all material intents and purposes, the facts of those cases are the same as the facts here. The Plaintiffs here were indisputably required to use at least a smock, hairnet, earplugs, and beard net (where applicable) and knife-using employees were required to use additional protective gear. The Third Circuit found that donning and doffing this type of required gear was "work" in the context of poultry processing. The Middle District of Pennsylvania held donning and doffing such required gear to be integral and indispensable to poultry processing. Thus, Plaintiffs are entitled to summary judgment on the point that those activities, donning and doffing of smock, hairnet, earplugs, beard net, and knife-user gear, is integral and indispensable to poultry processing.

1

Lastly, Defendant misconstrues the DOL's regulations with regard to the meal period. The "work" activities performed by Plaintiffs are a compensable part of the continuous workday and Defendant cites no rationale for excluding them from compensability.

## II. ARGUMENT

### A. THE DONNING AND DOFFING PERFORMED BY PLAINTIFFS IS COMPENSABLE WORK

The donning and doffing activities performed by Plaintiffs are work. The Third Circuit has previously ruled that donning and doffing of personal protective equipment at a chicken processing plant is "work" under the FLSA as a matter of law regardless of whether the activities require exertion. *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 373 (3d Cir. 2007). Defendant ignores this holding in its Opposition and instead attempts to limit the holding in *De Asencio* to the facts of that case.

Defendant inexplicably asserts that the Third Circuit did not mean what it said when it held "the donning and doffing activities in this case constitute[] work as a matter of law." *Id.* at 373. Defendant proposes, instead, that the holding merely instructed that the improper jury instruction definition of "work" required remand. Def. Opp. at 5. Defendant completely misstates the Third Circuit's rejection of Defendant's position. The Third Circuit found that the activities were "work as a matter of law" and, on remand, the jury would be so instructed. The remaining issues on remand were whether the defendant would be held to its stipulation on the integral and indispensable issue and whether the work was *de minimis*. *Id.* at 373-374. Therefore, the Third Circuit's holding requires Plaintiffs' summary judgment motion on the work issue to be granted as the case is binding precedent.

Moreover, Defendant's attempt to distinguish *De Asencio* on its facts must fail. Admittedly the work activities at issue in this case are the same activities deemed to be work in

*De Asencio*.  "**Most employees generally w[ore] a smock, hairnet, beard net, ear plugs and safety glasses.**"[1]  *Id.* at 364.  **Certain employees wore additional sanitary and protective gear including a plastic apron, soft plastic sleeves, cotton glove liners, rubber gloves, a mesh glove, and rubber boots.**  *Id.*.  **Employees at the facility were required to use PPE by "government regulations and corporate or local policy and practice."**  *Id.* at 363.[2]

The *De Asencio* employees worked in a poultry processing plant performing processing activities similar to those at Farmers Pride's plant.  Defendant does not distinguish between the items worn at the Tyson plant and items worn at Farmers Pride.  Likewise, Defendant does not distinguish between the processing activities performed by employees from Tyson's plant and those performed by Plaintiffs.  The reason is that there is no material difference between the PPE worn or the principal work activity.  When the court in *In re Cargill* considered the same issues regarding the same equipment, the court concluded not only that the activities constituted work as a matter of law, but also that the *De Asencio* case required a finding that the activities were integral and indispensable as a matter of law.  *In re Cargill Meat Solutions Corp.,* 632 F. Supp. 2d at 377-78.  Defendant did not distinguish between the facts of *In re Cargill* any more than it did the facts of *De Asencio*.  Instead, Defendant points to one issue:  Defendant's self-serving statement that *some* PPE was not required.

Defendant, however, admits that it **required** Plaintiffs to use a smock, hairnet, beardnet (if applicable), earplugs (prior to the pre-2007 changes), as well as a mesh cut resistant glove,

---

[1] At oral argument, Tyson disputed that it necessarily "required" such gear but the parties had stipulated that the clothing was required in their joint pre-trial memorandum.  *De Asencio*, 500 F.3d at 364 n.4.

[2] *See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment, "Plaintiffs' Memorandum", page 7, and Plaintiffs' Statement of Undisputed Material Facts In Support of Their Motion for Partial Summary Judgment, "SUF", ¶¶11-12, 17-20 (detailing the equipment provided and/or required by Defendant and worn by Plaintiffs).

Whizzard cut resistant glove, and/or a hard plastic arm guard when working with knives or scissors. Defendant's Opposition at 3, 6. Thus, donning these items constitutes work. To the extent any one of these items is integral and indispensable, once donned, all activities thereafter are compensable as part of the continuous workday pursuant to the Supreme Court's decision in *IBP, Inc. v. Alvarez*.[3]

Defendant then disingenuously mischaracterizes the holding of *Tum v. Barber Foods, Inc.*, 360 F.3d 274 (1st Cir. 2004). Defendant states that "[s]imply because an employee is required to wear an item of sanitary or protective clothing does not mean that it is primarily for the employer's benefit as opposed to the employee's benefit." Def. Opp. at 8 (citing *Tum*, 360 F.3d at 280). In fact, the First Circuit in *Tum* held "[w]e agree with the district court's conclusion as to the required gear. In the context of this case Employees are required by Barber Foods and or government regulation to wear the gear. Therefore, these tasks are integral to the

---

[3] On May 31, 2006, the DOL Wage and Hour Division issued the Advisory Memorandum setting forth the DOL's position on two issues that were not squarely decided by the Supreme Court in *Alvarez*. Contrary to the prior position taken by the Ninth Circuit in *Alvarez*, the DOL stated in the May 31, 2006 Advisory Memorandum that there is no distinction between the donning and doffing of unique and non-unique safety equipment and all such time should be treated as compensable as long as it is not *de minimis*. Specifically, the DOL Advisory Memorandum provides, in pertinent part:

> The Ninth Circuit in Alvarez, 339 F.3d 894, 903904 (9th Cir. 2003) indicated that the "specific tasks" of donning and doffing "non-unique" gear, such as hardhats and safety goggles (as opposed to "unique" equipment), while integral and indispensable to the employees' principal activities, were not compensable because they were "de minimis as a matter of law." ***As the government's Supreme Court amicus brief in Alvarez states, the Ninth Circuit erred in its application of the de minimis rule. The de minimis rule applies to the aggregate amount of time for which an employee seeks compensation, not separately to each discrete activity, and particularly not to certain activities "as a matter of law." The Supreme Court's continuous workday rationale renders the Ninth Circuit's "de minimis as a matter of law" discussion untenable.***

May 31, 2006 DOL Advisory Memorandum at 3 (emphasis added).

principal activity and therefore compensable." *Id.* at 279-280 (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 903 (9th Cir. 2003); 29 C.F.R. § 1910.132(a)). Thus, PPE items that are required by the employer to be worn, like those here, necessarily primarily benefit the employer as a matter of law.

Furthermore, the evidence submitted by Plaintiffs establishes the additional PPE was not optional. For instance, the use of mesh gloves, plastic gloves, cotton gloves, hairnets, arm guards, plastic sleeves, safety glasses, plastic aprons, and smocks was required by sanitation and safety concerns and was standard in the industry. SUF ¶¶ 11, 13-14. Defendant's own customers required the use of PPE to protect the product from contamination. SUF ¶ 12. Finally, despite Defendant's claims to the contrary, Defendant controlled the donning and doffing activities of its employees. Plaintiffs' Memorandum at 8. Defendant provided all items of PPE to Plaintiffs. Production workers were required to "obtain and don the sanitary and protective equipment required by Farmers Pride and were supposed to clock in" prior to the start of their shift. SUF ¶¶22-23. Thus, such activities are considered work because Defendant controlled or required the activities and the activities benefitted the employer.[4]

Defendant's reliance on *Reich* for the proposition that the donning and doffing of PPE is not work is misplaced as the Third Circuit has already expressly rejected that position. *See De Asencio*, 500 F.3d at 372 (rejecting Defendant's reliance on *Reich*). The Third Circuit rejected *Reich*, in part because the district courts in the Tenth Circuit indicated that *Reich* was no longer good law in light of the Supreme Court's decision in *Alvarez*. *See De Asencio*, 500 F.3d at 371-72 (citing *Garcia v. Tyson Foods, Inc.*, 474 F. Supp. 2d 1240 (D. Kan. 2007)). Similarly, *Chao*

---

[4] In addition, such work occurred after the beginning of the continuous work day and/or Defendant suffered or permitted this work. 29 C.F.R. § 785.11.

*v. Tyson Foods, Inc*., 568 F. Supp. 2d 1300 (N.D. Alabama 2008) and *Anderson v. Pilgrim's Pride Corp*. 147 F. Supp. 2d 556, (E.D. Tex. 2001) are also distinguishable.

### B. DONNING AND DOFFING IS INTEGRAL AND INDISPENSABLE

In *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 372 (3d Cir. 2007), the Court held:

> We conclude instead that the better view is that stated in *Ballaris v. Wacker Siltronic Corp.,* 370 F.3d 901 (9th Cir. 2004), which rejected *Reich* and reaffirmed the analysis the Ninth Circuit had previously set forth in its opinion in *Alvarez,* which was affirmed by the Supreme Court. The *Ballaris* court noted that, generally, preliminary and postliminary activities remain compensable so long as those activities are an integral and indispensable part of the principal activities. It observed that 29 C.F.R. § 790.8(c) "provides: 'Among the activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance. If an employee in a chemical plant, for example, cannot perform his principal activities without putting on certain clothes, changing clothes *on the employer's premises* at the beginning and end of the workday would be an integral part of the employee's principal activity.' ... Further, 'where the changing of clothes *on the employer's premises* is required by law, *by rules of the employer,* or by the nature of the work,' the activity may be considered integral and indispensable to the principal activities." *Ballaris,* 370 F.3d 901, 910 (quoting 29 C.F.R. § 790.8(c)) (emphasis added by *Ballaris* court).

As it does regarding the work issue, Defendant ignores the *Ballaris* analysis adopted by *De Asencio* because it must result in a finding that donning and doffing is integral and indispensable and therefore work.[5] Indeed, in the sole case in a Third Circuit district court, the

---

[5] Defendant's contention that *Steiner* is a "very narrow" exception to the general rule is not supported by any Third Circuit authority. Further, it conflicts with the rule announced in *De Ascencio*. Thus, Defendant's reliance on *Kuebel v. Black & Decker (U.S.) Inc*., No. 08-cv-6020, 2009 WL 1401694 (W.D.N.Y. May 18, 2009) is also misplaced. If *De Asencio* intended to adopt a "very narrow" exception, it would have so stated.

Similarly, Defendant's reliance on extra-circuit cases is misplaced. For instance, *Gorman v. The Consolidated Edison Corp*. 488 F.3d 586, 592 (2d Cir. 2007) also adopted a "narrow interpretation" and a test that requires "integral" to be "essential to completeness". Again, the Third Circuit adopted a different rule. *Bonilla v. Baker Concrete Contruction, Inc*. 487 F.2d 1340 (11th Cir. 2007) is factually distinguishable because the security screening procedure was required by the FAA and the employer had no discretion regarding the issue. Thus, the activity did not benefit the employer. Such a situation is drastically different from the case at bar. In *Anderson v. Pilgrim's Pride Corp.*, 147 F.Supp.2d 556, 563 (E.D. Tex. 2001), the Court rejected the argument that the donning and doffing was compensable because it was required by the

court in *In re Cargill Meat Solutions Corp.* held that the donning and doffing of PPE at a poultry processing plant is integral and indispensable as a matter of law in light of the Third Circuit's *De Asencio* and Supreme Court's *IBP v. Alvarez* decisions. *In re Cargill Meat Solutions Corp.*, 632 F. Supp. 2d 368, 377-78 (M.D. Pa. 2008). As shown in Plaintiff's moving papers, the donning and doffing activities are necessary to the principal work performed and done for the benefit of the employer. (*See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment, pages 12-13, and Plaintiffs' Statement of Facts ¶¶5, 20 and 30.). Further, as shown above, the activities are required by the Defendant and the nature of work.

Defendant contends that donning and doffing each individual item of PPE must be shown to be integral and indispensable. Defendant misstates the law and the DOL position. Plaintiffs need only engage in donning one integral and indispensable piece of equipment to commence the continuous workday as established by Supreme Court. *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 28 (2005) (discussing continuous workday); *see also, e.g.*, *Alvarez v. IBP, Inc.*, 339 F.3d 894, 903 (9th Cir. 2003 (noting that donning and doffing helmet and safety glasses, although *de minimis* in and of themselves, can start and stop the workday); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 770 (M.D. Tenn. 2008) (finding that donning and doffing a smock was sufficient to start and stop the continuous workday). Once the continuous workday has begun, the Third Circuit has instructed that all uncompensated activities be aggregated in considering whether the time is *de minimis*. *See De Asencio*, 500 F.3d at 374. Thus, Plaintiffs contend that any number of activities could begin and end compensable time, and that all activities occurring after the first and before the

---

employer and by the USDA. However, as cited in the passage above, *De Asencio* with approval a different analysis. Similarly, *Alford v. Perdue Farms, Inc.*, No. 5:07-cv-87 (CAR) 2008 WL 879413 (M.D. Ga. Mar. 28, 2008), does not comport with the analysis adopted in *De Asencio*.

last integral and indispensable activities are compensable under the DOL's continuous workday as described by the Supreme Court in *IBP, Inc. v. Alvarez*.

> 1. *Whether Plaintiffs "can" bring equipment to and from home is not relevant to the integral and indispensable inquiry when the option is "illusory"*

As established in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Defendant's contention that it permitted employees to take their hairnet, beardnet, earplugs, and footwear home is irrelevant because the option was illusory.

Despite Defendant's contention that employees were permitted to take home all of their PPE, the Employee Handbook tells a different story. The excerpts from the Employee Handbook "Donning and Doffing" section indicate, "Farmers Pride provides lockers for the voluntary use by the employees, but employees can opt to take boots home if they so desire as long as boots are clean when entering department." Plaintiffs' Index of Evidence, Ex. 26, Bates No. D-00021, Ex. 27, Bates No. D-011131, Ex. 28, Bates No. D-011527, Ex. 29, Bates No. 30650, Ex. 30, D-011240. The clear implication of these policy documents is that other items of PPE other than boots were not permitted to be taken home.

In *Perez v. Mountaire Farms*, the district court considered a similar argument during the bench trial when the defendant argued that employees had the option to take their PPE home causing the activities at issue to be non-compensable. *See Perez v. Mountaire Farms* (*Perez II*), 610 F. Supp. 2d 499, 519 (D. Md. 2009) (bench trial opinion in a donning and doffing case at a Delaware poultry processing plant). The court found the option to take PPE home to be "illusory" because employees were provided with lockers and any employee who requested a locker received one. *Id.* The court stated "[i]f changing at home were a bona fide option, there would be no real need for employee lockers or for Defendants to incur the costs of installing them." *Id.* The exact same analysis applies here. The bottom line is that Defendant cannot

8

simply declare an option exists if Defendant's exercise of control makes that option so undesirable that no one exercises the option. In this case, Defendant provides Plaintiffs with the PPE they use. *See* SUF ¶20. Defendant provides Plaintiffs with a locker in which to store the PPE. SUF ¶¶5(c) and 24. Although Defendant professes to allow employees to take items home, Defendant offers employees a far more convenient option. Moreover, Defendant requires at least some items to remain at the plant. Thus, employees' typical practice is not to take anything home. Therefore, although Defendant professes to permit employees to take items home, the option is illusory for the same reasons the option was illusory in *Perez*.

### C. WORK DURING MEAL PERIODS IS COMPENSABLE

Under the FLSA, "bona fide meal periods are not worktime" and are thus properly excludable from compensable worktime. 29 C.F.R. § 785.19. To qualify as a bona fide meal period, the Department of Labor's regulations provide that "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." *Id.* By way of comparison, the rest period provision of the regulations states: "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. . . . They must be counted as hours worked." 29 C.F.R. § 785.18. "[T]o the extent activities engaged in by an employee occur after the employee commences to perform the first principal activity on a particular work day and before he ceases the performance of the last principal activity on a particular work day," such activities cannot be exempted from coverage by that FLSA and are compensable. *See* 29 C.F.R. § 790.6 (a), (b).

Plaintiffs contend that the work performed during the meal period is compensable. Here, it is undisputed that Plaintiffs perform work by donning and doffing at the beginning and end of the meal period. Dr. Mericle estimates the amount of time to be approximately 5.40 minutes in the deboning department. Again, this figure underestimates the time Plaintiffs spent performing

9

work during the meal period. The evidentiary hearing testimony of Ms. Marco indicates that she spent ten minutes performing work during the meal period. *See* Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Statement of Disputed and Undsputed Facts in Opposition to Defendant's Motion for Summary Judgment, "PR", Docket #518.1, ¶ 24. Ms. Marco also indicated that one of the reasons that she did not receive a full meal period was that production workers on the shift had to line up and wash at the beginning of the meal period and there were only 8 faucets and about 70 employees in the department. *Id.*

To the extent Defendant argues that the law permits Defendant not to pay for work activities during the meal period, Defendant mischaracterizes the law. 29 C.F.R. §§785.11 and 785.13. If the time provided for eating a regular meal does not begin until after the employee has doffed his equipment, no regulation or law permits Defendant not to compensate for that time. Similarly, if the time provided for eating a regular meal ends when the employee is required to come back to re-don his or her equipment, no regulation or law permits Defendant not to compensate for the work the employee engages at the end of the meal break. The meal period regulation does not give Defendant carte blanche to deduct 30 minutes if employees are performing work activities on either end of the period that limit the time provided for eating a regular meal. Finally, whether the period falling in between the work activities constitutes a bona fide meal period is disputed. (See Plaintiffs' Opposition to Defendant's Motion for Summary Judgment).[6]

---

[6] Additionally, whether Defendant provided additional paid time during the meal period (Defendant's Opposition at 7) is disputed.

### III.     **CONCLUSION**

Based on the reasons stated above and in Plaintiffs' opening brief, Plaintiffs respectfully request that this Motion be granted in its entirety.


Dated: May 5, 2011                                  SCHNEIDER WALLACE
                                                    COTTRELL BRAYTON
                                                    KONECKY LLP


                                                     /s/
                                                    CLINT J. BRAYTON
                                                    TODD M. SCHNEIDER
                                                    180 Montgomery Street, Suite 2000
                                                    San Francisco, CA  94104
                                                    Telephone No.: (415) 421-7100
                                                    Facsimile No.: (415) 421-7105

                                                    BERGER & MONTAGUE, P.C.
                                                    SHANON J. CARSON
                                                    JAMES A. WELLS
                                                    1622 Locust Street
                                                    Philadelphia, PA  19103
                                                    Telephone No.: (215) 875-3000
                                                    Facsimile No.: (215) 875-4604

                                                    PHILIP A. DOWNEY
                                                    The Downey Law Firm, LLC
                                                    P.O. Box 1021
                                                    Unionville, PA  19375
                                                    Telephone No.: (610) 324-2848
                                                    Facsimile No.: (610) 813-4579

                                                    *Attorneys for Plaintiffs and Opt-In Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2011, I served a true and correct copy of Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, and all supporting papers, on the following:

### By ECF

George C. Werner, Esq.
Barley Snyder LLC
126 East King Street
Lancaster, PA 17602
Telephone: (717) 399-1511
Email: gwerner@barley.com

Jill S. Welch, Esq.
Barley Snyder LLC
126 East King Street
Lancaster, PA 17602
Telephone: (717) 399-1521
Email: jwelch@barley.com


Ryan A. Glassgow
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8791
Email: rglassgow@hunton.com

### By E-Mail

Michael J. Mueller
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 419-2116
Email: mmueller@hunton.com

                                    /s/
                               Clint J. Brayton