IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUZ LUGO, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 07-CV-00749 |
| | : | |
| v. | : | |
| | : | |
| FARMERS PRIDE, INC., | : | Honorable Michael M. Baylson |
| | : | |
| Defendant. | : | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit this Notice of Supplemental Authority in Support of their Motion for Partial Summary Judgment (Dkt. # 512) and in Opposition to Defendant's Motion for Summary Judgment (Dkt. # 510). On June 7, 2011, the United States Court of Appeals for the Fourth Circuit issued its decision in *Perez v. Mountaire Farms, Inc.*, Nos. 09-1917, 09-1966 (4th Cir. June 7, 2011) (attached as Exhibit A) ("*Perez*"). This is a case in which the district court's decision has been cited by the parties and relied upon by the Court in previous decisions in this case, and upon which Plaintiffs rely to support arguments in their current motion for summary judgment and in opposition to Defendant's motion. The Fourth Circuit's decision affirmed Judge Andre Davis's district court opinion in nearly all respects except with respect to the plaintiffs' lunch claim.

Plaintiffs seek summary judgment on the issues of whether the donning and doffing activities in this case (the same activities as in *Perez*) are "work" under the FLSA; whether those activities are integral and indispensable to the principal work activities of poultry processing; and whether donning and doffing activities during meal breaks are compensable. *See* Plaintiffs'

1

MOL (Dkt. # 512-1). Defendant's summary judgment motion seeks judgment on the issues of whether donning and doffing standard, non-unique gear was integral and indispensable to poultry processing; whether "work" activities on either side of the meal period were compensable; and whether the time at issue was *de minimis*. *Perez* squarely addresses each of these issues.

First, the Fourth Circuit held that donning and doffing activities at poultry processing plants are both work and integral and indispensable to poultry processing activities, and therefore compensable. *See Perez*, Slip Op. at 27-28 (discussing "work"); *id.* at 32-35 (discussing "integral and indispensable" factors). The same result should apply here.

Second, the Fourth Circuit rejected the employer's argument – made by Farmers Pride here – that courts should distinguish between protective gear as either "specialized" or "generic." *Id.* at 33. The Fourth Circuit concluded that donning and doffing employees' protective gear at the beginning and end of their shifts is "necessary" to their production work due to concerns of safety and sanitation. *Id.* at 34-35. The court found that the importance of protective gear in ensuring the safety and sanitation of the production line demonstrated that the pre- and post-shift donning and doffing primarily benefits the employer. *Id.* at 35. Thus, the activities meet the definition of "integral and indispensable" activities in the context of chicken processing. *Id.* at 35-36. The same result should apply here.

Third, with respect to the meal period donning and doffing claim, the Fourth Circuit reluctantly followed the binding precedent it previously established in *Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209 (4th Cir. 2009), and vacated the district court's award of time for those activities during the meal period. *Id.* at 37-38. In so doing, the court noted:

> If we were writing on a clean slate, we would hold that based on the district court's factual findings, these activities are not part of the "bona fide meal period" but are compensable as "work" under the continuous workday rule.

2

*Id.* at 38 (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29 (2005); *Roy v. County of Lexington*, 141 F.3d 533 (4th Cir. 1998)).  The Fourth Circuit was bound, however, by the circuit precedent of *Sepulveda* where the court previously ruled that "acts of donning and doffing occurring before and after employees eat their meals are non-compensable because these acts are part of the 'bona fide meal period.'" *Id.* at 39 (citing *Sepulveda*, 591 F.3d at 216).  Unlike in *Perez*, this Court is not bound by the *Sepulveda* decision, and need not follow it here.  Instead, the Court should follow the Fourth Circuit's instruction that if it were writing on a "clean slate," it would hold that the lunchtime activities would be compensable.

Finally, the Fourth Circuit held that "[i]n applying the de minimis rule, we consider the ***aggregate*** amount of time for which the employees are otherwise legally entitled to compensation . . . [and do not] evaluate each task or group of tasks separately to determine if the time period is de minimis" *Id.* at 44 (emphasis added).  The court further noted that applying the de minimis factors requires a factual inquiry that changes on a case by case basis.  With regard to the *Perez* case, the court found that because a) the time was easily measured by the experts, b) the annual amount ($425) and aggregate amount ($2,550) per employee was significant, and c) the work was performed everyday, the uncompensated time was not de minimis. *Id.* at 46-47.  Plaintiffs respectfully submit that the same reasoning applies here.

| | |
|---|---|
| Dated:  June 9, 2011 | Respectfully submitted, |
| | BERGER & MONTAGUE, P.C. |
| | /s/ |
| | SHANON J. CARSON |
| | JAMES WELLS |
| | 1622 Locust Street |
| | Philadelphia, PA  19103 |
| | Telephone No.: (215) 875-3000 |
| | Facsimile No.: (215) 875-4604 |

3

SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
TODD M. SCHNEIDER
CLINT J. BRAYTON
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone No.: (415) 421-7100
Facsimile No.: (415) 421-7105

PHILIP A. DOWNEY
The Downey Law Firm, LLC
P.O. Box 1021
Unionville, PA  19375
Telephone No.: (610) 324-2848
Facsimile No.: (610) 813-4579

*Attorneys for Plaintiffs and Opt-In Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2011, I served a true and correct copy of Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, on the following:

### By ECF

George C. Werner, Esq.
Barley Snyder LLC
126 East King Street
Lancaster, PA 17602
Telephone: (717) 399-1511
Email: gwerner@barley.com

Jill S. Welch, Esq.
Barley Snyder LLC
126 East King Street
Lancaster, PA 17602
Telephone: (717) 399-1521
Email: jwelch@barley.com

Michael J. Mueller
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 419-2116
Email: mmueller@hunton.com

Ryan A. Glassgow
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8791
Email: rglassgow@hunton.com

                                        /s/
                                 Shanon J. Carson