IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUZ LUGO, et al.  : CIVIL ACTION

v.  :

FARMER'S PRIDE INC.  : NO. 07-0749

MEMORANDUM RE: PLAINTIFFS' MOTION TO LIMIT
DEFENDANT'S EXPERT TESTIMONY

Baylson, J.  June 23, 2011

## I. Introduction

Plaintiff Luz Lugo and members of the certified class ("Plaintiffs") filed a Motion to Limit Jeffrey E. Fernandez, Ph.D.'s Testimony at Trial (ECF No. 513) in this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendant Farmer's Pride, Inc. intends to offer at trial the testimony of Jeffrey E. Fernandez, Ph.D. ("Dr. Fernandez"), a time study expert, to assist the jury in determining the reasonable amount of time that Defendant's employees spend on certain activities at the poultry production plant, including donning, doffing, sanitizing, washing, and walking. Dr. Fernandez submitted an expert report in this litigation dated October 28, 2009 ("10/28/09 Report") (Ex. 1) and a supplemental expert report dated March 3, 2011 ("3/3/11 Report") (Ex. 2).[1] Plaintiffs deposed Dr. Fernandez on December 3, 2009 (Ex. 3) and March 14, 2011 (Ex. 4).

Plaintiffs do not challenge Dr. Fernandez's qualifications as an expert witness. Plaintiffs

---

[1] All exhibit numbers refer to Plaintiffs' Motion to Limit Jeffrey E. Fernandez, Ph.D.'s Testimony at Trial ("Pls.' Mot.").

1

also do not seek to limit Dr. Fernandez's testimony at trial concerning time measurements.  Pls.' Mot. 2.  Instead, Plaintiffs move pursuant to Federal Rules of Evidence 104(b), 401, 402, 403, and 702 to exclude three categories of Dr. Fernandez's opinions.

First, Plaintiffs contend that Dr. Fernandez's testimony that Defendants gave "time credits" to employees for donning and doffing activities is irrelevant and unreliable under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), and inadmissible under Rule 403, because it is not relevant to whether Plaintiffs worked off-the-clock.

Second, Plaintiffs contend that Dr. Fernandez's opinions regarding the "total time" employees spend donning, doffing and on related activities are based on a flawed methodology under Daubert and Kumho Tire, and inadmissible under Rule 403, because he omitted measurements for certain activities and his resulting opinions are misleading.

Third, Plaintiffs contend that Dr. Fernandez's opinions improperly relied on information that Defendant and Defendant's counsel provided to Dr. Fernandez, rendering his testimony inadmissible under Daubert, Kumho Tire, and Rules 104(b) and 403.

Defendant filed a response in opposition to Plaintiffs' Motion (ECF No. 515), arguing that Dr. Fernandez's proffered testimony satisfies the requirements for admissibility at trial.  The Court heard oral argument on the Motion on June 17, 2011.

**II.     Legal Standards**

Federal Rule of Evidence 702 sets forth the requirements for admissibility of expert testimony:

If scientific, technical, or other specialized knowledge will assist the trier of fact

> to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 reflects "a liberal policy of admissibility" for "any evidence which has the potential for assisting the trier of fact." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997) (citations omitted).

Scientific expert testimony must be both relevant and reliable to be admissible. Kumho Tire, 526 U.S. at 141; Daubert, 509 U.S. at 589. Daubert requires the district court to act as a gatekeeper for expert testimony by conducting a "flexible" inquiry into whether the expert's methodology is reliable. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994) (citing Daubert, 509 U.S. at 591; United States v. Downing, 753 F.2d 1224, 1238-39 (3d Cir. 1985)).[2] The district court may exclude otherwise relevant expert testimony "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; Elcock v. Kmart Corp., 233 F.3d 734, 756 n.13 (3d Cir.

---

[2] The district court may consider the following factors identified in Daubert and Downing to evaluate the reliability of an expert's methodology:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

In re Paoli R.R. Yard PCB Litig., 35 F.3d at 742 n.8.

3

2000) ("Permitting [an expert] witness to offer an opinion unsupported by a sufficient factual foundation would significantly increase the risk of misleading the jury and confusing the issues, the very dangers against which Rule 403 defends.").

## III. Discussion

Plaintiffs neither challenge Dr. Fernandez's qualifications nor contend that elemental analysis is an unreliable scientific methodology in violation of the factors set forth in In re Paoli R.R. Yard PCB Litig., 35 F.3d at 742 n.8.

The Court addresses Plaintiffs' specific challenges to Dr. Fernandez's proffered opinions. First, the Court rejects Plaintiffs' argument that Dr. Fernandez's opinion that Defendants gave "time credits" for donning and doffing activities is not admissible because it is not relevant to whether Plaintiffs worked off-the-clock. Whether Plaintiffs' donning, doffing, and related activities were performed off-the-clock pertains to the legal question in this case, i.e., whether those activities are compensable "work." Defendant does not offer Dr. Fernandez as an expert on the FLSA or the legal requirements for compensability. See Def.'s Br. Resp. 9-10. Indeed, as a time study expert, Dr. Fernandez would likely not be qualified to offer such opinions.

The parties agree that Dr. Fernandez assumes certain facts are true, including that Defendant followed its schedule of "time credits." Plaintiffs and Defendant agree that if Defendant proves through fact witnesses that it provided time credits to employees for donning and doffing activities, Dr. Fernandez's testimony comparing those time credits to the amount of time he observed employees spending on those activities would be admissible. Pls.' Mem. Law. 18; Def.'s Br. Resp. 11. To the extent that Dr. Fernandez's opinions are conditionally relevant based on evidence of the truth of certain facts, pursuant to Fed. R. Evid. 104(b), the court may

4

conditionally admit such testimony subject to the introduction of evidence sufficient to support a finding of fact that makes relevant the expert testimony. See In re Paoli R.R. Yard PCB Litig., 35 F.3d at 744 n.9 (discussing the application of Rules 104(a) and (b) in the context of scientific expert testimony). Therefore, the Court will conditionally admit Dr. Fernandez's opinions that rely on the assumption that Defendant actually provided time credits to its employees for donning and doffing and related activities.

Second, Plaintiffs conflate admissibility and weight of the evidence with respect to Dr. Fernandez's opinions regarding the "total time" employees spent on donning and doffing activities. Admissibility of an expert's opinion is a question properly before the court, whereas the weight and credibility of the expert's opinion are questions for the jury to resolve. In re TMI Litig., 193 F.3d 613, 713 (3d Cir. 1999), amended by 199 F.3d 158 (3d Cir. 2000) (quoting Breidor v. Sears, Roebuck & Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983)) ("'Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.'"). "Admissibility decisions focus on the expert's methods and reasoning; credibility decisions arise after admissibility has been determined." Kannankeril, 128 F.3d at 806 (citing Paoli, 35 F.3d at 743-46); see also In re TMI Litig., 193 F.3d at 665 (citing Kannankeril, 128 F.3d at 806) ("The admissibility inquiry thus focuses on principles and methodology, not on the conclusions generated by the principles and methodology."). The district court may find a scientific opinion is admissible if the "particular opinion is based on valid reasoning and reliable methodology." Kannankeril, 128 F.3d at 806.

Here, Dr. Fernandez employed the "elemental analysis" or "time study" methodology, which entails breaking an activity down into its essential parts and measuring how long

5

employees spend on each element. 10/28/09 Report at 5-7. District courts routinely admit expert opinions based on elemental or time study methodology in FLSA cases. See, e.g., Lopez v. Tyson Foods, Inc., No. 8:06CV459, 2011 WL 1791549, at *5 (D. Neb. May 11, 2011) (permitting introduction of evidence based on elemental methodology "to prove: (1) the amount of time the activities at issue take in order to prove how much defendant owes plaintiffs if the time is deemed compensable, and/or (2) to help support defendant's de minimis defense"); Morales v. Greater Omaha Packing Co., Inc., Nos. 8:08CV88, 8:08CV161, 2011 WL 672457, at *2 (D. Neb. Feb. 15, 2011) (finding time study methodology is reliable); Chavez v. IBP, Inc., No. CV-01-5093-RHW, 2004 WL 5520002, at *1, *6 (E.D. Wash. Dec. 8, 2004) (finding that the "elemental analysis" was generally admissible and that "to the extent that errors exist in Dr. Mericle's report, these go to the weight the Court should give his report, rather than to admissibility."). Plaintiffs' assertion that Dr. Fernandez erred by omitting time measurements of certain activities–including opening and closing lockers, gathering protective equipment, and waiting to obtain protective equipment–from the "total time" goes to weight and credibility.

Third, Plaintiffs' challenge to Dr. Fernandez's testimony on the ground that he relied on assumptions provided by Defendant and Defendant's counsel lacks merit. Under Fed. R. Evid. 703, "experts may rely on facts from firsthand knowledge or observation, information learned at the hearing or trial, and facts learned out of court." Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002) (expert may rely on facts of the "type 'reasonably relied upon' by experts in the particular field in forming opinions or inferences upon a subject," whether or not such facts are independently admissible).

Expert witnesses may accept reasonable assumptions suggested by the party. "Rule 702

does not require that experts have personal experience with the object of the litigation in which they testify, nor does it require that experts eschew reliance on a [party]'s account of factual events that the experts themselves did not observe." Tormenia v. First Investors Realty Co., Inc., 251 F.3d 128, 135 (3d Cir. 2000). Dr. Fernandez's reliance on assumptions provided by Defendant does not affect the admissibility of his expert opinion.

**IV.    Conclusion**

For the above reasons, the Court finds that Dr. Fernandez's opinions are both relevant and reliable, and meet the admissibility requirements under Daubert, Kumho Tire, and the Federal Rules of Evidence. The Court denies Plaintiffs' Motion to Limit Jeffrey E. Fernandez, Ph.D.'s Testimony at Trial. An appropriate Order follows.

O:\CIVIL 07-08\07-0749 Lugo v. Farmer's Pride\Lugo v. Farmer's Pride - Daubert mem.wpd