IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUGO, *et al.*, | : |
| Plaintiffs, | : CIVIL ACTION NO. 07-CV-00749 |
| v. | : |
| FARMERS PRIDE, INC. | : Honorable Michael M. Baylson |
| Defendant. | : |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS AND COLLECTIVE ACTION SETTLEMENT

The parties in this action have submitted a Joint Motion for Final Approval of Class and Collective Action Settlement. Upon consideration of the motion, as well as the declaration submitted by Heffler, Radetich & Saitta, LLP in support of the motion; the parties' prior briefing regarding the settlement; the notices to class members; all other settlement documents and the pleadings in the case as a whole; and any argument at the Final Fairness Hearing, and having concluded that the settlement and accompanying notices appear to be fair, reasonable, and in the best interest of the class, the Court hereby enters the following order:

IT IS HEREBY ORDERED THAT:

1.  The Court grants final approval of the parties' Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit 2 to the parties' December 7, 2011 Joint Response. The Court finds that the manner and form of notice as set forth in the Settlement Agreement was provided to class members as ordered by the Court. The Court finds that the manner and form of notice as set forth in the Settlement Agreement

and approved and ordered by the Court is reasonably calculated to give actual notice to class members of the fact of settlement and the right to receive settlement benefits, to be excluded from the settlement, and raise objections to the Settlement Agreement.

2. The Court further finds that the Settlement Agreement was reached following meaningful discovery and investigation conducted by Class Counsel; the Settlement Agreement is a result of adversarial, arms'-length negotiation between the parties; and the terms of Settlement Agreement are in all respects are fair, adequate, and reasonable. In so finding, the Court considered evidence presented regarding the merits of the Plaintiffs' case, the risk, expense and complexity of the claims presented, the likely duration of further litigation, the amount offered in settlement, the extent of investigation and discovery completed, and the experience and views of Class Counsel. The Court further considered the total absence of objections and minimal requests for exclusions to the proposed settlement by Settlement Class Members.

3. The request for final certification of the following Pennsylvania "State Settlement Class" is GRANTED pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All current and former non-exempt hourly production line employees in the Live Receiving, Deboning, Evisceration, Cut-Up, and Packing Departments who were employed as such on a full-time basis by Farmers Pride at its Fredericksburg, Pennsylvania poultry processing facility for at least one full week between July 22, 2002 and December 13, 2011.

4. The request for final certification of the following "Federal Settlement Class" is GRANTED pursuant to 29 U.S.C. § 216(b):

> All current and former non-exempt hourly production line employees in the Live Receiving, Deboning, Evisceration, Cut-Up, and Packing Departments who previously opted-in

2

to the Federal Case and who were employed as such on a full-time basis for at least one week between February 23, 2004 and December 13, 2011.

5. The Court finds that the proposed classes are sufficiently numerous such that resolution of the Plaintiffs' claims on a class basis promotes efficient judicial administration and is therefore warranted. The Court further finds and appoints Berger & Montague, P.C., Schneider Wallace Cottrell Brayton Konecky LLP, and The Downey Law Firm, LLC as Class Counsel for the Settlement Class.

6. The Court grants Plaintiffs' request for approval of an award of costs and expenses to Class Counsel. Class Counsel's requested costs and expenses in the amount of $166,500.00 are approved. The Court finds that the costs incurred by Class Counsel are reasonable and necessary based on evidence presented of expenses incurred and settlement results achieved. Class Counsel is not seeking an award of attorneys' fees in this case.

7. The Court grants Plaintiffs' request for service awards of $2,500.00 each to the two Named Plaintiffs, Luz Lugo and Yesenia Marco. The Court finds that these service awards are fair and reasonable based on the assistance that the Named Plaintiffs provided to Class Counsel on behalf of the Class, and based on the broader releases agreed to by these individuals.

8. The Court also finds that the designated *cy pres* recipient, Good Samaritan Hospital David L. Broderick Cancer Center, is reasonable and appropriate.

9. The Claims Administrator, Heffler, Radetich & Saitta, LLP is hereby ordered to disburse the Gross Settlement Amount as set forth in the Settlement Agreement.

3

10. The parties are directed to comply with the terms of the Settlement Agreement. The Court shall retain jurisdiction and oversight of these settlement proceedings, and shall enter a dismissal of the action on request of the parties at the conclusion of the administration of the Settlement Agreement.

It is further ORDERED that the Clerk shall remove this case from the Civil Suspense File, and close the case.

Entered this ___9th___ day of ___May___, 2012.

The Hon. Michael M. Baylson
U.S. District Judge

mail
cc: Schneider
Cottrell
Brayton
Carson
Wells
Noteware
Werner
Welch
Downey
Robertson
Glasgow
Mueller

4